In the Matter of the Application of JOHN G. THOMAS, Respondent, for an Examination of the Voting Machines and of the Votes Cast Thereon for the Office of Mayor of the City of Utica at the General Election Held November 2, 1915.

JAMES D. SMITH, Appellant.

*Elections — voting machines — order for examination of voting machines cannot be made under section 374 of Election Law providing for examination of ballot boxes.*

Section 374 of the Election Law (L. 1913, ch. 821), which provides that " any candidate shall be entitled as of right to an examination in person or by authorized agents of any ballots upon which his

name lawfully appeared as that of a candidate," has no application to voting machines and is not made applicable by section 417 of the Election Law (Cons. Laws, ch. 17) which merely declares that other articles of the Election Law, not applicable to voting machines generally, shall apply to *voting* by such machines. This provision is not broad enough to warrant the granting of an order for the examination of voting machines analogous to an order for the examination of ballot boxes under section 374.

*Matter of Thomas*, 171 App. Div. ——, reversed.

(Argued December 15, 1915; decided December 17, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 11, 1915, which affirmed an order of Special Term denying a motion to vacate an *ex parte* order for the opening of certain voting machines in the city of Utica.

The facts, so far as material, are stated in the opinion.

*G. C. Morehouse, Warnick J. Kernan* and *Daniel E. Meegan* for appellant. There is no analogy or similarity between section 374 of the Election Law and the provisions relating to voting machines. (*People* v. *Way*, 179 N. Y. 179; *Matter of Hearst* v. *Woelper*, 183 N. Y. 274; L. 1913, ch. 821; *Tallman* v. *S., etc., R. R. Co.*, 4 Abb. Ct. App. Dec. 351; *State Board* v. *Gasau*, 195 N. Y. 197; *Burke* v. *Bosso*, 180 N. Y. 341; *People* v. *Richards*, 108 N. Y. 137; *People* v. *N. Y. & M. B. Ry.*, 84 N. Y. 565; *Sims* v. *U. S. Trust Co.*, 103 N. Y. 472; *Matter of Hermance*, 71 N. Y. 471; *Matter of Hardin*, 97 App. Div. 493; 181 N. Y. 513; *Wormser* v. *Brown*, 149 N. Y. 163.)

*Richard R. Martin, L. N. Southworth, Seward A. Miller* and *A. G. Senior* for respondent. The provisions of section 374 of the Election Law for the examination of ballots apply to voting machines. (*Drew* v. *Village of White Plains*, 157 App. Div. 394.) The facts shown in the papers on which the order of November twenty-sixth to open the machines was made fully warranted the making of that order; and the application to vacate it was prop-

erly denied. (*People* v. *McClellan*, 191 N. Y. 341; *Matter of Hayden*, 25 Misc. Rep. 129; *Matter of Van Cott*, 34 Misc. Rep. 411; *People ex rel. Brink* v. *Way*, 179 N. Y. 174; *Matter of Hearst* v. *Woelper*, 183 N. Y. 274; *People ex rel. Brown* v. *Freisch*, 215 N. Y. 356.)

WILLARD BARTLETT, Ch. J.  On the 26th day of November, 1915, at a Special Term held in Syracuse, Mr. Justice Ross presiding, an order was made *ex parte*, at the instance of John G. Thomas, one of the candidates for the office of mayor at the last general election in the city of Utica, that the petitioner might examine every one of the thirty-nine voting machines used in the city of Utica at the said election, except the machine used in the second district of the second ward, and the record of the votes cast at such election as shown by the counters thereof. There were further provisions in the order regulating the conditions of such examination which are not material. Upon an order to show cause obtained by James D. Smith, a rival candidate for mayor, a motion was made to vacate this order.  That motion was denied in an order to the effect that the *ex parte* order be carried out according to the terms and provisions thereof, the examination of voting machines to begin thereunder at the court house in the city of Utica on Tuesday, December 14th, 1915, at 10 A. M.  That order has been affirmed by the Appellate Division.  No opinion was written by the Appellate Division, but a careful opinion was written by Mr. Justice Ross at the Special Term upon the motion to vacate the original order.  He based the making of that order primarily on section 374 of the Election Law (L. 1913, ch. 821), a portion of which provides as follows: "Any candidate shall be entitled as of right to an examination in person or by authorized agents of any ballots upon which his name lawfully appeared as that of a candidate; but the court shall prescribe such conditions as of notice to other candidates or otherwise as it shall deem necessary

1915.]      Opinion, per WILLARD BARTLETT, Ch. J.    [216 N. Y.]

and proper." That section, however, has no application whatever to voting machines unless it is rendered applicable by section 417 of the Election Law, the first sentence of which reads as follows: "The provisions of the other articles of this chapter apply as far as practicable to voting by voting machines, except as herein provided."

Section 417 is contained in the article of the Election Law relating to voting machines. It will be observed that it makes the provisions of the other articles of the statute applicable not to voting machines generally or in all respects, but merely declares that they shall apply to *voting* by such machines. We are of opinion that this provision is not broad enough to warrant the granting of an order for the examination of voting machines analogous to an order for the examination of ballot boxes under section 374 of the Election Law. It seems to us that it would amount to judicial legislation thus to extend the meaning of the language used. There is a provision in section 416 for the recanvass of the vote shown by the counter compartment of a voting machine whenever it shall appear that there is a discrepancy in the returns of any election district; and it is to be assumed that the legislature deemed this provision sufficient to preserve the rights of candidates and insure a true record of the will of the voters as expressed at the polls. If it had deemed any other method of procedure necessary in respect to voting machines it would have manifested its purpose by clear language the meaning of which could not be mistaken, rather than by such a provision as we find in section 417.

No warrant for the Special Term order under review can be found in any other provisions of the Election Law. We think there was no authority to make it and for this reason the order appealed from must be reversed and the order of the Special Term vacated, without costs.

CHASE, COLLIN, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Order reversed, etc.