In the Matter of the Application of CHARLES S. DEVOY, Respondent, for a Writ of Mandamus against CHARLES L. CRAIG, as Comptroller of the City of New York, Appellant.

JAMES A. MCQUADE, Intervener, Appellant.

Constitutional law — Supreme Court — county clerks — statutes will, if possible, be construed so as to sustain constitutionality — authority of legislature to prescribe power and duties of clerks of Supreme Court — when statute authorizing justices of Supreme Court in county to appoint person to perform clerical duties in Supreme Court does not deprive county clerk of constitutional rights — person appointed by justices entitled to salary as against appointee of county clerk.

1. Where the language of a statute permits such construction as will make it constitutional, the court will sustain its constitutionality. It is not the province of the judiciary to question the motives of the legislature if it has acted within the limits of its constitutional authority.

2. Chapter 21 of the Laws of 1878, authorizing the justices of the Supreme Court residing in Kings county to appoint a person to perform clerical duties in the Supreme Court in that county who " in the absence of the county clerk  *  *  *  shall possess all the powers and perform all the duties in respect to the business of the* Supreme Court  *  *  *  and shall have power to employ all necessary assistance," deprives the county clerk of Kings county of no constitutional right.

3. The county clerk has no constitutional authority to appoint a person to act as clerk of the Supreme Court in his absence nor to appoint all clerks in,— not of,— the court, nor does the fact that the legislature has authorized the justices to appoint a person to do clerical duties in the Supreme Court give the county clerk the power to make the appointment.

4. Where funds have been provided to pay the salary of a " General Clerk of the Supreme Court, Kings County," the position has been classified by the state civil service commission as a position in the Supreme Court, and the relator has been duly appointed to such position by the justices in that county by virtue of the foregoing statute, he is entitled to the salary as against an alleged appointee of the county clerk having no color of title to the position, the comptroller

of the city of New York is under a clear legal duty to pay him his salary, and on refusal a peremptory writ of mandamus is properly issued to compel payment.

*Matter of Devoy* v. *Craig,* 196 App. Div. 567, affirmed.

(Argued March 7, 1921; decided May 10, 1921.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 5, 1921, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus to compel the comptroller of the city of New York to draw a warrant in relator's favor for his salary as general clerk of the Supreme Court, Kings county, from April 16, 1920, to May 1, 1920.

*John P. O'Brien* (*William B. Carswell* of counsel) for comptroller, appellant. A peremptory writ of mandamus should not issue in this case. (*People ex rel. Gaffigan* v. *Rickerson,* 56 App. Div. 588; *People ex rel. Gordon* v. *Pres., etc.,* 8 Wkly. Dig. 243; *People ex rel. Wogan* v. *Rafferty,* 208 N. Y. 451; *People ex rel. Olmstead* v. *Meahl,* 219 N. Y. 270; *Stubbe* v. *Adamson,* 173 App. Div. 305; *Matter of McNeile,* 107 App. Div. 338; *People ex rel. O'Brien* v. *Butler,* 120 App. Div. 751; *People ex rel. Mott* v. *Supervisors,* 64 N. Y. 600; *People ex rel. Lentilhon* v. *Coler,* 61 App. Div. 223; *People ex rel. Guidet* v. *Green,* 66 Barb. 630.)

*Edward E. McCall* and *Alonzo G. McLaughlin* for intervener, appellant. The office of clerk " in " or " of " the Supreme Court and whether styled " general clerk " or " chief clerk " or by whatever prefix it may be designated is practically and actually a deputy of the real clerk of the court, to wit, the clerk of the county, and as such is a substantial and essential attribute, or part, of the office of the county clerk and the legislature may not transfer any essential function of the office to a

different officer chosen in a different manner. (*People ex rel. Wogan* v. *Rafferty*, 208 N. Y. 451; *Warner* v. *People*, 2 Den. 272.)

*Hugo Hirsh, Emanuel Newman* and *Benjamin Reass* for respondent. The respondent was not appointed a deputy of the county clerk; he was not appointed a clerk of the court; he was appointed and acts only as clerk to the justices. (L. 1878, ch. 21.) The alleged appointment of McQuade by the county clerk is absolutely illegal. (*People ex rel. Killeen* v. *Angle*, 109 N. Y. 567; *People ex rel. Simon* v. *Bradley*, 207 N. Y. 610; *People ex rel. Kemmler* v. *Durston*, 119 N. Y. 569; *People ex rel. Met. St. Ry. Co.* v. *Tax Comrs*, 174 N. Y. 417; *People* v. *Gillson*, 109 N. Y. 389; *Bohmer* v. *Haffen*, 161 N. Y. 390; *Matter of Stillwell*, 139 N. Y. 337; *Sweet* v. *City of Syracuse*, 129 N. Y. 316; *People ex rel. Devery* v. *Coler*, 173 N. Y. 116; *Matter of N. Y. & L. I. Bridge Co.* v. *Smith*, 148 N. Y. 540; *Grenada County Supervisors* v. *Brogden*, 112 U. S. 261; *People* v. *Lochner*, 177 N. Y. 145.)

POUND, J. Chapter 21, Laws of 1878, entitled " An act authorizing the appointment of a person to perform clerical duties, in the supreme court in Kings county," provides:

" SECTION 1. The justices of the supreme court, residing in Kings county, are hereby authorized by an instrument in writing, to appoint and at pleasure remove a person to perform clerical duties, in the supreme court in Kings county. The person so appointed, shall subscribe and file in the clerk's office, the constitutional oath of office, and, in the absence of the county clerk of Kings county, shall possess all the powers and perform all the duties in respect to the business of the supreme court, which shall be prescribed by the justices, or any justice thereof; and shall have power to employ all necessary assistance in the duties required of him."

The relator is the clerk appointed by the justices of the Supreme Court to discharge the duties defined in the act under the title of the general clerk of the Supreme Court, Kings county. James A. McQuade, intervener, claims to be entitled to the salary by virtue of an appointment by the county clerk of Kings county as general clerk of the Supreme Court of Kings county. Defendant, the comptroller of the city of New York, refuses to pay either claimant until their conflicting claims are determined by the court. The question is whether chapter 21, Laws of 1878, is an invasion of the constitutional right of the county clerk to be the clerk of the Supreme Court of Kings county. The title of the position is not controlling. Its duties are defined by the statute. Does the language of the statute permit such construction as will make it constitutional? If so, the court will sustain its constitutionality. Long acquiescence on the part of the county clerk in the exercise of the power of appointment by the justices, while not conclusive, may not be ignored. The court should exercise great caution before making a decision which may have mischievous consequences if pushed to an extreme. The legislature has seen fit to create the position and it is not the province of the judiciary to question its motives if it has acted within the limits of its constitutional authority. (*Smith v. Kansas City Title & Trust Co.*, 255 U. S. 180; 41 Sup. Ct. Rep. 243, 249.)

" No legislation can be constitutional which prevents the county clerk from being the clerk of the Supreme Court. The Constitution (Art. VI, § 19) expressly provides as follows: ' Clerks of the several counties shall be clerks of the Supreme Court, with such powers and duties as shall be prescribed by law.' Under this provision the legislature may prescribe the powers and duties of the clerks of the Supreme Court, but it may not deprive the clerks of the several counties of the right to exercise and discharge those powers and duties by any

form of legislation." (*People ex rel. Wogan* v. *Rafferty,* 208 N. Y. 451, 461.) :" The right of the county clerk either personally or through deputies to be clerk of the courts is constitutional, and the legislature may not transfer any of his essential functions to a different officer chosen in a different manner." (*Olmsted* v. *Meahl,* 219 N. Y. 270, 275.) But the county clerk may be reasonably controlled as to the number, compensation and manner of appointment of his deputies. (*People* v. *Sutherland,* 207 N. Y. 22, 30; *People ex rel. Plancon* v. *Prendergast,* 219 N.. Y. 252, 259.)

The statute before us, chapter 21, Laws of 1878, deprives the county clerk of Kings county of no constitutional right. The person appointed by the justices of the Supreme Court has no power to act as clerk of the Supreme Court except in the absence of the clerk. He may " perform clerical duties in the Supreme Court " without acting as a clerk of the court, and the county clerk may at any time assume all the duties of the clerk which relator might be assigned to perform in his absence. The county clerk has no constitutional authority to appoint a person to act as clerk of the Supreme Court in his absence nor to appoint all clerks in — not of — the court. Funds have been provided to pay the salary of the relator; the position has been classified by the state civil service commission as a position in the Supreme Court. The fact that the legislature has authorized the justices to appoint a person to do clerical duties in the Supreme Court does not give the clerk the power to make the appointment. Relator has no position in the county clerk's office nor under the county clerk. He is entitled to the salary as against the intervener, the appointee of the county clerk, who is claiming a different position and has no standing here.

The county clerk might be left helpless fully to discharge his constitutional powers and duties if the authorities failed to provide him with a sufficient number of

deputies at suitable salaries to do the work, and at the same time undertook to provide positions and salaries for other persons to be appointed by the justices to do the work of the clerk in his absence, but it is not to be presumed that such a course will be followed. That situation may be met when it arises. From all that appears, the county clerk can discharge all the duties which might be assigned to relator as a clerk of the Supreme Court.

It would, therefore, seem that the comptroller is under a clear legal duty to pay the relator's salary. On the undisputed facts, as matter of law, the rival claimant for the position has no color of title.

The order appealed from should be affirmed, with costs.

Hiscock, Ch. J., Chase, McLaughlin, Crane and Andrews, JJ., concur; Hogan, J., not voting.

Order affirmed.