The People of the State of New York, Respondent, *v.* James Lamphere, Appellant.

Fourth Department, January 5, 1927.

Crimes — burglary, third degree — defendant charged with breaking and entering building, namely, gasoline pump on curb disconnected from building — defendant broke open door on side of pump so that pump lock could be released — pump is not erection or structure of character specified in Penal Law, § 400 — indictment dismissed — Code of Criminal Procedure, § 445, applied.

The defendant was improperly convicted of burglary in the third degree on a charge that he broke and entered a building, namely, a gasoline curb pump which was not connected with any building, in that he broke open a small door on the side of the pump and released the pump lock, for said gasoline pump is not an erection or structure of the character specified in section 400 of the Penal Law.

The indictment should be dismissed, since it does not charge the defendant with larceny or " any crime, the commission of which is necessarily included in that with which he is charged," within the meaning of section 445 of the Code of Criminal Procedure.

Appeal by the defendant, James Lamphere, from a judgment of the County Court of the county of Onondaga, rendered on the 21st day of July, 1925, convicting him of the crime of burglary in the third degree after a previous conviction of felony.

*Kennard Underwood,* for the appellant.

*Clarence Unckless, District Attorney* [*William M. Peckham* of counsel], for the respondent.

TAYLOR, J. Appellant has been convicted of burglary in the third degree after previous conviction of a felony. The acts charged were breaking into and entering a building, namely, a Gilbert & Barker gasoline pump, with felonious intent to steal gasoline. The pump is one of those so generally in use for serving the public; it is constructed mainly of metal, cylindrical, standing eight to ten feet high, some twelve inches in diameter, and fastened at its base in the ground or in some construction on the surface of the ground. It contained no storage compartment.

A person who breaks and enters a building, or any part of a building, with intent to commit a crime therein, is guilty of burglary in the third degree. (Penal Law, § 404.) The breaking and entering were accomplished by prying open a small doorway on the side of the pump, reaching inside and pulling out a metal pin, thus permitting the pump to be operated by a handle. The pump was separated by a driveway from a building in which lived the people who had charge of the service station, and was in no wise attached to or a part of that building.

" Breaking and entering," as defined in section 400 of the Penal Law, were proved, as was felonious intent. The defendant was sufficiently identified as the malefactor. The weakness in the case of the People is disclosed by the definition of a building in paragraph 2 of subdivision 4 of section 400 of the Penal Law. It is there stated that the " term ' building,' as used in this article, includes a railway car, vessel, booth, tent, shop, inclosed ginseng garden, or other erection or inclosure." The statute seems to adopt the generally accepted signification of the word " building," viz.," a fabric or edifice constructed; a thing built, as a house, a church, etc." (Webster's Unabridged [1887] Dictionary.) It then specifies some structures which the word comprehends and concludes as stated. The claim of the People, as we understand it, is that the phrase " or other erection or inclosure " includes any " structure " erected and inclosed, some part of which, internal or external, is capable of being broken or violently detached, and entered by any part of a human body or any instrument or weapon. (Penal Law, § 400.) The usual rule of construction applied when, as in this instance, words of general meaning in a statute follow those of special meaning, is the *ejusdem generis* rule, that is, that the subsequent words refer to matters or things of the same general character as those previously specified. (*People* v. *Richards,* 108 N. Y. 137.)

Although that case deals with a different state of facts, the following quotations from the opinion are pertinent here:

" Finding it [the word ' building '] used in a statute defining burglary, two courses suggest themselves: (1) to regard the term as

limited to those structures which the common law as amended and enlarged by our statutes relative to the crime, made capable of being broken and entered burglariously; or, (2), to take the widest signification which has ever been given to the term building, and hold that every structure within such meaning is within the statute, provided it could be physically broken and entered. We are persuaded that the first course is the true one. * * * We find at common law that burglary, so far as the character of the building was concerned, was committed by an unlawful breaking and entering of a dwelling-house. * * * Subsequently burglary in the third degree was made to consist in breaking any building within the curtilage of a dwelling-house but not forming a part thereof, or in breaking and entering ' any shop, store, booth,' etc., as already cited. It is thus seen that up to the time of the adoption of the Penal Code, the structures in regard to which burglary could be committed had been quite clearly defined, and the term ' building ' as used in connection with the crime of burglary had a definite and well understood meaning. To attach the same meaning to it in a statute upon the same subject, passed under the circumstances in which this Penal Code was passed, and where there is no such wide departure from the language used in the Revised Statutes or act of 1863* as to indicate a different and enlarged sense as to the meaning of the word, seems to us to be the natural and the true course to adopt. * * *

" It is claimed, however, if this structure [a burial vault, erected above ground] is not included in the term building as used in this statute, that the words added at the end of section 504 and already alluded to, viz., ' or other erection or inclosure,' would include it. They undoubtedly would if the widest meaning of those words is to be taken as within the meaning of the Legislature, and if whatever could, under other circumstances and for other purposes, be called an erection or inclosure is to be regarded as the subject of burglary.

" We do not attach any such meaning to those words when used in this connection, and we think it quite plain that the Legislature never intended any such meaning. * * *

"Applying a rule which is so well established both in England and in this country, to the case in hand, we think that the phrase ' other erection or inclosure,' is to be interpreted as including things of a similar nature to those already described by the specific words found in the statute. * * * "

The gasoline pump is not an erection or structure of the character specified in said section 400 of the Penal Law. It is not a structure

---

* See Laws of 1863, chap. 244.— [REP.

that may be entered and utilized by human beings, and intended to be thus utilized, as a dwelling or for business, recreational or other practical purposes. Nor is it suitable for transporting or housing personal property. It is nothing more than an appliance, a mechanical device, erected and used for drawing gasoline from a storage tank beneath or near it.

If " structures " such as the one entered in the instant case are to be susceptible of being burglarized, the Legislature must so declare. It has not done so thus far.

The judgment of conviction should be reversed on the law; and since the indictment does not charge larceny or " any crime, the commission of which is necessarily included in that with which he [the appellant] is charged " (Code Crim. Proc. § 445), the indictment should be dismissed.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment of conviction reversed on the law and indictment dismissed.