THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* HAYWARD BELL, CHARLES HENRY, WILLIE YOUNG AND GEORGE GILL, Respondents.

Argued October 15, 1953; decided November 20, 1953.

*Frank A. Gulotta, District Attorney* (*Henry P. De Vine* of counsel), for appellant. I. Defendants were '' persons '' subject to subdivision 2 of section 1990-a of the Penal Law. (*People* v. *Kruger,* 302 N. Y. 447; *People* v. *Moskowitz,* 289 N. Y. 69; *People* v. *Pieri,* 269 N. Y. 315; *People* v. *Ahearn,* 196 N. Y. 221; *People* v. *Gutterson,* 244 N. Y. 243; *People* v. *Shakun,* 251 N. Y. 107.) II. Subdivision 2 of section 1990-a does not violate section 1 of article XIV of the United States Constitution or section 6 of article I of the New York Constitution because of uncertainty or indefiniteness. (*United States* v. *Brewer,* 139 U. S. 278; *Waters-Pierce Oil Co.* v. *Texas,* 212 U. S. 86; *Nash* v. *United States,* 229 U. S. 373; *International Harvester Co.* v. *Kentucky,* 234 U. S. 216; *Omaechevarria* v. *Idaho,* 246 U. S. 343; *United States* v. *Cohen Grocery Co.,* 255 U. S. 81; *Connally* v. *General Constr. Co.,* 269 U. S. 385; *Whitney* v. *California,* 274 U. S. 357; *United States* v. *Wurzbach,* 280 U. S. 396; *Chaplinsky* v. *New Hampshire,* 315 U. S. 568; *Lanzetta* v. *New Jersey,* 306 U. S. 451; *Winters* v. *New York,* 333 U. S. 507; *People* v. *Mancuso,* 255 N. Y. 463; *People* v. *Grogan,* 260 N. Y. 138.) III. Defendants have not been unlawfully deprived of their liberty. (*Ives* v. *South Buffalo Ry. Co.,* 201 N. Y. 271; *People* v. *Gillson,* 109 N. Y. 389; *People* v. *Havnor,* 149 N. Y. 195; *People* v. *Ashley,* 184 App. Div. 520; *People* v. *Pierson,* 176 N. Y. 201; *Matter of McCue,* 7 Cal. App. 765; *Pinkerton* v. *Verberg,* 78 Mich. 573; *City of St. Louis* v. *Gloner,* 210 Mo. 502; *Matter of Viemeister,* 179 N. Y. 235; *Jacobson* v. *Massachusetts,* 197 U. S. 11.) IV. Subdivision 2 of section 1990-a has not been arbitrarily and discriminately enforced against defendants in violation of section 1 of article XIV of the United States Constitution or

section 11 of article I of the New York Constitution. (*Yick Wo* v. *Hopkins,* 118 U. S. 356; *Snowden* v. *Hughes,* 321 U. S. 1; *People* v. *Friedman,* 302 N. Y. 75.)

*Jawn A. Sandifer* for Hayward Bell and others, respondents. I. The statute is unconstitutional because of its vagueness and uncertainty. (*Winters* v. *New York,* 333 U. S. 507; *Ex Parte Hudgins,* 86 W. Va. 526; *Lanzetta* v. *New Jersey,* 306 U. S. 451; *American Mach. Co.* v. *Kentucky,* 236 U. S. 660; *United States* v. *Cohen Grocery Co.,* 255 U. S. 81; *Collins* v. *Kentucky,* 234 U. S. 634; *International Harvester Co.* v. *Kentucky,* 234 U. S. 216; *United States* v. *Foote,* 42 F. Supp. 717; *People* v. *Cooper,* 366 Ill. 113; *Matter of McCue,* 7 Cal. App. 765; *People* v. *Pieri,* 269 N. Y. 315.) II. The statute violates the Fourteenth Amendment of the Constitution in that it denies respondents the equal protection of the law. (*Howard Sports Daily* v. *Weller,* 179 Md. 355; *Oney* v. *Oklahoma City,* 120 F. 2d 861; *Whipple* v. *City of South Milwaukee,* 218 Wis. 395; *Fitzsimmons* v. *State,* 116 Neb. 440; *Tarrance* v. *Florida,* 188 U. S. 519; *McPherson* v. *Blacker,* 146 U. S. 1.) III. The statute is unconstitutional in that it deprives defendants of their liberty without due process of law. (*Pinkerton* v. *Verberg,* 78 Mich. 573; *City of St. Louis* v. *Gloner,* 210 Mo. 502; *Matter of McCue,* 7 Cal. App. 765; *State* v. *Meyers,* 174 Mo. 352; *Marx & H. Jeans Clothing Co.* v. *Watson,* 168 Mo. 133; *St. Louis* v. *Roche,* 128 Mo. 541; *Ex Parte Smith,* 135 Mo. 223.)

*Emanuel Redfield* for Charles Henry, respondent. I. The construction of the statute is erroneous. II. The statute is indefinite and therefore void. (*Lanzetta* v. *New Jersey,* 306 U. S. 451; *People* v. *Pieri,* 269 N. Y. 315.) III. Respondent has been deprived of his liberty. (*Edwards* v. *California,* 314 U. S. 160; *Hague* v. *C. I. O.,* 307 U. S. 496; *Crandall* v. *Nevada,* 6 Wall. [U. S.] 35; *Williams* v. *Fears,* 179 U. S. 270; *Twining* v. *New Jersey,* 211 U. S. 78; *Matter of McCue,* 7 Cal. App. 765; *Pinkerton* v. *Verberg,* 78 Mich. 573; *City of St. Louis* v. *Gloner,* 210 Mo. 502.) IV. Respondent has been denied the equal protection of the law.

VAN VOORHIS, J. Defendants-respondents were convicted in the City Court of the City. of Long Beach, Nassau County, of loitering in the railroad station of the Long Island Rail Road, in violation of subdivision 2 of section 1990-a of the Penal Law. This subdivision reads as follows: " Any person who loiters about any toilet, station or station platform of a subway or elevated railway or of a railroad, or who is found sleeping therein or thereon and who is unable to give satisfactory explanation of his presence is guilty of an offense."

On appeal to the County Court, defendants contended (as they do here) that the last clause " and who is unable to give satisfactory explanation of his presence " renders this statute unconstitutional and void for indefiniteness. The County Court dismissed the charge for lack of proof.

Although concurring in the dismissal of the charge against these defendants for lack of proof that they were loitering, we think it appropriate to state our construction of the statute. It is a familiar canon of construction that the intent with which statutes have been enacted " is to be collected from the context, from the occasion and necessity of the law, from the mischief felt, and the objects and the remedy in view ". (1 Kent's Comm., p. 462; *People ex rel. Parker Mills* v. *Commissioners of Taxes of City of N. Y.,* 23 N. Y. 242, 244.) The legislative intent in this instance appears to have been to prevent persons from infesting subway, elevated or other railway stations who have no occasion to be there. The danger to the public is well understood which arises from the congregation of nondescript characters at such locations, particularly at night, where degenerates, or even " boisterous, noisy cut-ups," as they are called in the opinion of the County Court, may easily become anything from a public nuisance to a serious menace. Loitering is a word in common usage, whose meaning is well understood, and prohibiting it in this context signifies that persons should not linger about stations under circumstances which fall short of rendering them implied invitees or licensees of the railroad. This is not to say that nobody is allowed in railroad stations unless he has just arrived or is waiting to depart by train. The existence of a station implies an invitation or license to enter in order to meet or to speed the departure

of others, to obtain information concerning trains, to purchase tickets, to check or call for baggage or parcels, to buy tobacco, newspapers, magazines or other articles from concessionaires, to use the toilets for purposes for which they are intended, or to be present on other errands whose legitimacy can be decided as the case arises. Nevertheless, railroads are not to be construed as inviting people to their stations for any and every purpose; under certain circumstances, an entrant may become a trespasser on the premises. Whether he is a trespasser depends upon the facts of the particular case, but the standard of judgment by which this status is to be tested is not so vague or indefinite as to render void the statute creating the offense.

This subdivision of section 1990-a would concededly be valid if it had stated that '' any person who loiters about any toilet, station or station platform of a subway or elevated railway or of a railroad, or who is found sleeping therein or thereon * * * is guilty of an offense.'' Whatever doubt exists concerning its constitutionality arises from the omitted words, '' and who is unable to give satisfactory explanation of his presence ''. We do not agree with the contention of the District Attorney that this clause means that any person found on the premises is required to give an explanation which satisfies any individual police officer by whom he is accosted. If that were true, the statute would furnish no standard of conduct which could be known in advance, and it would be void for uncertainty. Upon the other hand, ambiguities in language are to be resolved so as to sustain the constitutionality of a statute if such a construction can fairly be held to have been within the contemplation of the Legislature (*Matter of Devoy* v. *Craig,* 231 N. Y. 186), since the presumption is in favor of the validity of statutes (*Matter of Stubbe* v. *Adamson,* 220 N. Y. 459). Acts of the Legislature which are directed against known and stated evils are not to be stretched to cover situations having no real or reasonable relation to those evils (*Metropolitan Life Ins. Co.* v. *Durkin,* 301 N. Y. 376, 381), especially when to do so would render the statute unconstitutional.

The questionable words, in this instance, are to be read with the rest of the language of subdivision 2 of section 1990-a of the Penal Law. They merely outline a procedure to be followed in ascertaining whether the person to be charged is loitering about the station or platform. These words do not broaden but restrict the offense. They prevent a defendant from being convicted unless, in addition to other proof that he has been loitering, it appears that he has failed to give an explanation indicating that he is an implied invitee or licensee, after having been questioned on the scene concerning the reason for his presence. An explanation that is " satisfactory " means merely one which shows that the person has come there for some purpose which would not render him a trespasser. These words in subdivision 2 which are offensive to defendants neither furnish a basis for conviction standing by themselves, nor do they add any substantive element of the offense. They merely prevent anyone from being convicted of loitering about a station or platform unless, at the time, he was given opportunity to explain his presence by showing that he was not loitering. This is not a substantive factor in what constitutes the offense, but is merely a procedural condition which has to be fulfilled if a prosecution is to succeed.

This construction of the statute may be said to follow the canon known as *ejusdem generis,* by which the scope of a word or phrase is measured by the surrounding terms. " Where words of specific or inevitable purport are followed by words of general import the application of the last phrase is generally confined to the subject matter disclosed in the phrases with which it is connected; for it is known by the company it keeps; and though it might be capable of a wider significance if found alone, it is limited in its effect by the words to which it is an adjunct. It may strengthen the general structure, but it cannot exceed the original outline." (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 239, citing *People* v. *Richards,* 108 N. Y. 137, *People* v. *Lamphere,* 219 App. Div. 422, and numerous other cases.) In the case of this offense, the expression " any person who loiters ", which is specific in its import, is followed by the general characterization " and who is unable to give satisfactory explanation of his presence ".

Though the latter expression might be capable of a wider significance if found alone, it is limited in its effect by the preceding words to which it is an adjunct; this is merely to say, that a " satisfactory explanation " is one which indicates that the suspected person is not loitering.

Upholding the validity of this statute under such an interpretation does not mean, as was stated in the beginning, that the conviction of these defendants should be sustained. The evidence against them is simply that they were observed in the station at about 5:00 P. M., that they did not take the 5:11 train, although they were all there before it left, that they remained in the station until about 5:25 P. M., when the police arrived, whereupon defendants were questioned by one of the patrolmen (Alfred Hickson), who asked them what they were doing in the railroad station, to which " each told the same story, that they had just arrived; they were asked if they intended to use the trains and there was no answer other than we have just got here." They were not seen to buy any railroad tickets, and when searched, no railroad tickets were found upon their persons.

Their conviction was chiefly based upon the idea that they lied in saying that they had just arrived, whereas, in fact, it was proved that they had been there for about three quarters of an hour. Neither patrolman Hickson nor anyone else pursued the inquiry, so that the possibility was not excluded of their having entered the station and remained there for some legitimate purpose other than taking a train.

The order of the County Court of Nassau County, reversing the judgment of the City Court of the City of Long Beach sitting as a Court of Special Sessions which convicted the defendants, and dismissing the information and remitting the fine, should be affirmed.

DESMOND, J. (concurring). I concur for affirmance but on a different ground. I do not reach the question of the sufficiency of the proof to sustain the conviction, since, in my view, the statute itself (Penal Law, § 1990-a, subd. 2) is invalid on its face. If it contained no more than a prohibition against " loitering ", it probably could be upheld, since that term has,

by long statutory usage, taken on a reasonably definite meaning (see citations under heading " Loiter; Loitering " in Words and Phrases, Vol. 25). But the draftsman of this law, in an excess of either zeal or caution, did not stop at making one guilty of an offense who " loiters ", but went on to add a proviso or qualification which, though an essential and integral part of the enactment, is so completely vague and meaningless as to make the whole of the subdivision unenforcible.

One is guilty of an offense, says the statute, who " loiters " about a railroad station, *and* " who is unable to give satisfactory explanation of his presence ". The reference to " satisfactory explanation " is an essential part of this criminal statute, and cannot be deleted therefrom by the courts (*People* v. *Teal,* 196 N. Y. 372, 378; *People ex rel. Collins* v. *McLaughlin,* 60 Misc. 306, 308). It follows that, if the " satisfactory explanation " proviso lacks sufficient clarity for reasonable application, the whole statute is bad. We find no reasonably clear meaning for the language: " unable to give satisfactory explanation of his presence ". When is the explanation to be given, and to whom? Who is to be satisfied? Is the offense complete when a police officer or a railroad employee rejects the explanation proffered for an otherwise innocent act? Or, worse still, is the adequacy of the explanation to await determination at a trial, with all the intervening trouble, annoyance and expense to the defendant? A statute which leaves such questions open falls below rational standards (*People* v. *Adamkicwicz,* 298 N. Y. 176, 179, and cases cited; *Winters* v. *New York,* 333 U. S. 507).

The order of the County Court should be affirmed.

Lewis, Ch. J., Conway, Dye and Froessel, JJ., concur with Van Voorhis, J.; Desmond, J., concurs in separate opinion in which Fuld, J., concurs.

Order affirmed.