Manuel W. Levine, J.
This court has reconvened pursuant to subdivision 3 of section 702-a of the Code of Criminal Procedure from a trial adjourned from May 7, 1958.
The defendant was charged with a violation of section 722-b of the Penal Law in that he did on the 21st day of March, 1958, at 3:10 p.m., in the Baldwin High School, and not being a parent or legal guardian of a pupil in regular attendance at the Baldwin High School, Baldwin, New York, loiter in the building or about the grounds of said Baldwin High School, a public school, without written permission from the school authorities. The violation charged is the first half of said section.
The undisputed facts are as follows:
On March 21, 1958, at about 2:30 in the afternoon, the defendant and a friend entered the Baldwin High School, proceeded to the second floor of said high school, and remained on the second floor of said high school until 3:00 p.m. The defendant testified he was on the school property for the purpose of meeting another student.
What followed later is, in the court’s view, immaterial, and has not been taken into consideration in the decision of this case. Also, the court is completely disregarding any evidence of prior warnings to the defendant.
That portion of section 722-b which applies to the facts at hand reads as follows: ‘ ‘ Any person not the parent or legal guardian of a pupil in regular attendance at said school who loiters in and about any school building or grounds without written permission from the principal, custodian or other person in charge thereof * * * shall be guilty of disorderly conduct. ’ ’
Defense counsel, relying on the authority of People v. Bell (306 N. Y. 110) contends that the meaning of the word “ loiter ” is something more than linger or tarry, and it comprehends that the lingering or tarrying shall be done by the dirty, the *27 besotted, and was intended to prevent the degenerate, sex deviates, and persons of like character from endangering the public. Unfortunately for the defendant’s position, the court in the Bell case was construing section 1990-a of the Penal Law, crucially different in wording from section 722-b of the Penal Law. Subdivision 2 of section 1990-a of the Penal Law provides that “ Any person who loiters about any toilet, station or station platform of a subway or elevated railway or of a railroad, or who is found sleeping therein or thereon and who is unable to give satisfactory explanation of his presence is guilty of an offense.” This section was intended to prevent danger to the public at large and has no relation to section 722-b, which is designed to protect school children in a school building.
The fallacy of the defendant’s position is more clearly brought into focus when it is considered that under section 722-b the statute provides ‘ ‘ that one may loiter with written permission.” Certainly it cannot be argued or contended seriously that the Legislature contemplated the meaning given to the word “ loiter ” by defense counsel, i.e., lingering by sex deviates or persons of evil meaning or purpose. The Legislature hardly would have intended under section 722-b to permit the giving-of written permission to sex deviates, degenerates or other people of evil character. It is noteworthy that even in the Bell case, cited by the defendant, the learned court said (p. 113): “Loitering is a word in common usage, whose meaning is well understood, and prohibiting it in this context signifies that persons should not linger about stations under circumstances which fall short of rendering them implied invitees or licensees of the railroad.” (Emphasis supplied.) .The statute is clearly intended to prevent persons from trespassing and to prevent people from being there who have no occasion to be there, and to prevent the danger to the public which might develop. Certainly the word “loitering ” as used in the context of the statute under consideration before us has a much more restrictive meaning, owing to the difference in nature of the areas regulated by the two statutes.
The legislative intent must be determined from the words and language used in section 722-b itself, and it is a well-settled interpretive maxim in our jurisprudence that where the meaning of a statute is objectively clear from its context, there should be no resort to other evidence of legislative intent. Certainly the clear significance of section 722-b excludes defendant’s interpretation.
*28 Section 722-b is designed to serve an entirely different objective than section 1990-a of the Penal Law. The animating purpose of section 722-b is to preserve in our educational establishments those minimum conditions of tranquility and academic repose so necessary to the scholastic enterprise, and it is not too difficult to imagine the chaos and disorder and the compromise of proper scholastic climate which would result if people, no matter how innocent their purpose may be, infest the school halls or school grounds either singly or in groups. Nothing-must be permitted which will distract students in their classrooms or which will dilute their concentration and disturb their mental processes. It is the objective of section 722-b to insulate the students from these possibilities.
The case of People v. Parker (208 Misc. 978) submitted by the District Attorney, in the opinion of this court includes a comprehensive discussion and is a sound decision carefully arrived at. It is a case involving similar facts. In that case the defendant was found guilty. This court concurs with the decision and follows the authority of People v. Parker. By necessity each case must stand on its own facts and since it is conceded that the defendant is not a student, or a parent or a guardian of a student, and did not have the necessary written permission to enter said school, the court, under the facts adduced on the trial of this case, finds the defendant guilty.