Burke, J.
(dissenting). The aim of the statute, as we read it, was to impose criminal responsibility upon the owner of a motor vehicle whenever any unlicensed person operates the motor vehicle with the authorization of the owner. But there was *602 need to make provision for a case where the agent or representative of the owner had allowed the motor vehicle to he operated by a third party without the permission of the owner. -For this the proviso ‘ ‘ knowingly ’ ’ was inserted in the statute* The adverb “ knowingly ”, which, as we know, usually modifies a statement as a whole, was used in this statute in such a way as to modify only the words which immediately follow it. Thus relief from liability was made available only where there was a failure to show authority to operate the vehicle. Unless this was meant the interjection of the proviso became an emasculate act.
To read the statute so as to make knowledge of the lack of a license an essential element of the prosecution’s proof is to •ignore the intent and purpose of the legislation. The mischief sought to be remedied would be encouraged and the objects of the legislation defeated (see People v. Bell, 306 N. Y. 110, 113)-. In these days of carnage on the highways, the intent with which this statute was enacted can be readily gathered from the “ occasion and necessity of the law A holding that responsibility can only attach through proof that the owner actually acquired knowledge that the driver was not licensed implies that the Legislature consciously enacted a self-defeating measure. Such an intention is not to be attributed to the Legislature (People v. Jaehne, 103 N. Y. 182, 197).
Since the prosecution was not required, as we construe the statute, to establish that defendant knew that the driver of the car was not a licensed driver, the evidence is sufficient to support the conviction.
Therefore the order and judgment of the Appellate Division should be reversed and the .judgment of the trial court affirmed.
judges Desmond, Füld, FroEssel and Van Voorhís OOiicUr with Chief Judge Conway; Judge Btjrke disséüts in an Opinión ill which Judge Dye concurs.
Order affirmed.