Fuld, J. (dissenting).
The defendant, a youngster 17 years old, went into a high school to meet two friends who were students there and wound up with a conviction for disorderly conduct on the ground that waiting for his friends constituted loitering in the building in violation of section 722-b of the Penal Law.[1]
That section was designed to exclude from school areas degenerates, narcotics peddlers, vandals and the like. The statute was broadly worded — to punish one who “loiters” about a school building — but it certainly was never designed to render innocent conduct criminal. The word “loitering” is both broad and nebulous, but what it signifies ■— not only by dictionary definition, but in ordinary everyday speech — is staying about or around a place without any purpose, aimlessly and *555 idly, or for some illegal or illicit purpose. (See, e.g., People v. Diaz, 4 N Y 2d 469; People v. Bell, 306 N. Y. 110.)
The defendant was in the school building for a legitimate purpose and he did nothing wrong or improper while there. Placing a cigarette in his mouth on the steps of the building as he was going out, even if unwise, did. not render him a criminal or constitute “loitering.” We should give to the statute a reasonable and sensible construction, by interpreting it in such a way that it will exclude from our schools only those who are disorderly or have no legitimate motive for being in or about a school building. We should not read it to exclude those who are there, at the end of the school day, to meet friends who attend the school—certainly a good and sufficient reason.
The Legislature, by enacting section 722-b, may have desired to facilitate the conviction of those in a school building for some illicit purpose, but surely it could not have been its design to render criminal and punishable the perfectly innocent conduct of the defendant. Had the Legislature intended, as suggested by Judge Dye and Judge Van Voobhis, an all-inclusive statute, a statute designed to prohibit everyone, except a parent or guardian of a pupil, from entering a school building, it would have been a simple matter for the Legislature to have expressly so provided. The term ‘ ‘ loiter ’ ’ which is found in the statute indicates a quite different intent.
If, on the other hand, the section is to be construed as the People urge, and as this court is holding, then, it seems to me, it runs afoul of the requirements of constitutional due process. Indeed, as this court wrote of other legislation which also condemned “loitering ” (People v. Diaz, 4 N Y 2d 469, 470, supra), a statute “must be informative on its face * * * and so explicit that ‘ all men subject to its penalties may know what acts it is their duty to avoid ’ (United States v. Brewer, 139 U. S. 278, 288 * * *). While the term ‘ loiter ’ or ‘ loitering ’ has by long usage acquired a common and accepted meaning * * * it does not follow that by itself, and without more, such term is enough to inform a citizen of its criminal implications and, by the same token, leave it open to arbitrary enforcement.”
I would reverse the judgment and dismiss the information.
*556 Judges Desmond, Fboessel and Btjbke concur with Judge Dye; Chief Judge Conway and Judge Van Vooehis concur with Judge Dye, each in a separate memorandum; Judge Fuld dissents in an opinion.
Judgment affirmed.

. Section 722-b provides that “ Any person not the parent or legal guardian of a pupil in regular attendance at said school who loiters in or about any school building or grounds without written permission from the principal, custodian or other person in charge thereof, or in violation of posted rules or regulations governing the use thereof, shall be guilty of disorderly conduct.”