Cooke, J. (dissenting).
I dissent and would hold that the Family Court does have jurisdiction.
By the clear wording of subdivision (c) of section 466 of the Family Court Act, the Family Court is empowered to entertain jurisdiction to modify a decree in those cases where a foreign court granted an award of alimony or support. There exists no basis, therefore, for the majority view that jurisdiction of the Family Court is dependent upon a showing of a "currently effective support or alimony provision”. Such a requirement may be determinative of the merits of the action, but is not relevant to a finding of jurisdiction.
When the words of the statute are unambiguous, that meaning should be applied, if reasonable, without resort to extrinsic proof (Matter of Roosevelt Raceway v Monaghan, 9 NY2d 293, app dsmd 368 US 12; Caben v Boyland, 1 NY2d 8). Moreover, in the case at bar, where the majority concedes that no legislative history is present, it is error to consider the motive which led to the passage of the statute (Matter of Devoy v Craig, 231 NY 186; Matter of City of New York [Ely Ave.], 217 NY 45). It is also a familiar rule of statutory construction that legislative silence as to a particular exclusion should be construed to indicate that the exclusion was intended (Matter of Thomas, 216 NY 426; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 74). Applying these rules to the instant facts, I would hold that the Family Court has jurisdiction of this matter and affirm the decision of the Appellate Division.
*328 Chief Judge Breitel and Judges Jones and Fuchsberg concur with Judge Jasen; Judge Cooke dissents and votes to affirm in a separate opinion in which Judges Gabrielli and Wachtler concur.
Order reversed, without costs, and the order of the Family Court, New York County, reinstated. Question certified answered in the negative.