Benjamin Altman, J.
The defendant Donald Bowman was *51 charged with rape first degree, a violation of section 130.35 of the Penal Law. A preliminary hearing was held on July 20, 1976 at the conclusion of which the court, on the District Attorney’s motion, reduced the felony charge to a misdemeanor, section 130.20 of the Penal Law, sexual misconduct. The crime of unlawful imprisonment was retained. Defendant waived the reading of the reduced charges and the rights thereunder but did not object to the reduced charge.
The defendant is 42. The complainant is well over the age of 17.
Subdivision 1 of section 130.20 of the Penal Law states: "Being a male, he engages in sexual intercourse with a female without her consent”. Subdivision 1 of section 130.35 reads: "A male is guilty of rape in the first degree when he engages in sexual intercourse with a female: * * * 1. By forcible compulsion”.
The commentaries of Arnold Hechtman following section 130.20 of the Penal Law (Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, p 467) state: "This section represents the basic crimes of rape (subd. 1) and sodomy (subd. 2), and includes therefore, all of the higher degrees of each of these crimes. In addition, this section covers a fact situation not included within any of the higher degrees, viz., when the victim is over thirteen but under seventeen years of age and the defendant is under twenty-one years of age”.
Defendant contends that since (1) "forcible compulsion” is no longer part of the alleged crime charged against the defendant and (2) the commentary to section 130.20 indicates that the statute is geared particularly to complainants under the age of 17, therefore the charge of section 130.20 should be dismissed as to the defendant.
Prosecution opposition is twofold: (1) commentaries state that section 130.20 includes all the higher degrees of rape (Penal Law, § 130.35) and in any event the statute is clear and (2) the District Attorney has wide latitude to prosecute.
While it is true that initially a combined reading of section 130.20 and the commentaries might give the reader the impression that the applicability of subdivision 1 of section 130.20 applies only to a specific age group, a careful rereading does not give this court that reaction. Moreover, if the statute is clear on its face, the commentaries are merely descriptive to show possible legislative intent. Even if this court were to take defendant’s contention based on the commentaries, if the *52 language of the statute is clear on its face, it must prevail over the commentaries.
Where the legislative language is clear, there is no occasion for examination into extrinsic evidence to discover the legislative intent. Only where legislative language is ambiguous is the consideration of extrinsic evidence warranted. In other words, where no ambiguity or doubt appears in a statute, the court should confine its attention to the statute and not allow extrinsic circumstances to introduce a difficulty in the interpretation of plain language (see People v Johnson, 12 Misc 2d 25, affd 6 NY2d 549; Matter of New York Ambassador v Board of Stds., 114 NYS2d 901, revd on other grounds 281 App Div 342, affd 305 NY 791).
The prosecutor has wide powers and latitude as to whom, whether and how to prosecute (People v Harding, 44 AD2d 800; People v Elfe, 34 Misc 2d 206). Even after a hearing and a felony charge is reduced to a misdemeanor by the court on motion of the District Attorney, the District Attorney can still present the case to the Grand Jury on the original felony charge.
In addition, for the purposes of disposition or possible future disposition, the District Attorney has a right to move to reduce, add or amend complaints, so that cases of lesser importance can be disposed of. The District Attorney has a right, has a duty, in fact, to assess the volume and kind of cases, his staffing, and budgetary problems, and to make viable alternative determinations. The average citizen who is interested in safe streets and the right to live peaceably is in constant hope that his duly elected prosecutor will attack and diligently prosecute the more violent crimes. The United States Congress, realizing that its constituencies want the muggers, rapists and murderers quickly brought to justice, voted and appropriated moneys to the Law Enforcement Assistance Administration for the purposes of initiating programs such as the Major Offense Bureau.*
With hard decisions to make to best protect the public, the prosecutor must be given the widest latitude to reduce, to add or to amend the charges.
*53 The motion to dismiss the information charging the defendant with sexual abuse in the third degree is denied.

 Funds are allocated to the offices of the District Attorney so that extra personnel —Assistant District Attorneys and support personnel — may be assigned to major offenses. This tends to decrease plea bargaining and force defendants accused of major felonies to trial. Those convicted invariably face longer jail sentences.