In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Patricia M. Maher as a candidate in a primary election to be held on September 14, 2010, for the nomination of the Democratic Party as its *654 candidate for the public office of Representative in Congress from the 5th Congressional District, Patricia M. Maher appeals from a final order of the Supreme Court, Nassau County (Winslow, J.), dated August 11, 2010, which, after a hearing, in effect, granted the petition and invalidated the designating petition.
Ordered that the final order is reversed, on the law, without costs or disbursements, the petition to invalidate is denied, the proceeding is dismissed, and the New York State Board of Elections is directed to place the appellant’s name on the appropriate ballot.
This case involves a challenge to a petition seeking to designate Patricia M. Maher as a candidate for nomination in a primary election on the basis that some voter signatures were not collected in compliance with the Election Law. The signatures at issue were gathered substantially in the following manner: after the voter signed the petition, the subscribing witness obtained the voter’s permission to fill out the remaining information (which included the voter’s address), and this information was later accurately inserted by the subscribing witness outside the voter’s presence. Nicholas DiMarino, a citizen objector, and Gary L. Ackerman, an aggrieved candidate, together commenced the instant proceeding to invalidate Maher’s designating petition on the ground, among others, that the signatures gathered in this manner were invalid. The parties stipulated that, given the number of signatures gathered in the aforedescribed manner, the resolution of this issue is dispositive: if the signatures were determined to be valid, then Maher had sufficient signatures to be placed on the ballot, and if the signatures were found to be invalid, then she did not. The Supreme Court found that the signatures at issue were invalid and, in effect, invalidated Maher’s designating petition. We reverse.
Election Law § 6-134, which contains the rules for designating petitions, states, in relevant part: “A signer need only place his signature upon the petition, and need not himself [or herself] fill in the other required information” (Election Law § 6-134 [7]). This statute is silent as to the sequence in which the signature and the “other required information” must be placed on the petition, as well as whether that information must be inserted in the voter’s presence. Applying basic rules of statutory construction, we decline to infer from the statute a requirement that such information be filled in prior to obtaining the voter’s signature, or that it be done in the voter’s presence (see McKinney’s Cons Laws of NY, Book 1, Statutes § 74 [“A court *655 cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit”]; see also Matter of Thomas, 216 NY 426 [1915]). We note that with respect to other requirements for designating petitions, such as the sequence in which the information must be inserted in the “subscribing witness statement” (see Election Law § 6-134 [9]), the Legislature set forth explicit requirements for the sequence in which such information is to be completed, who may insert the information, and in whose presence the information must be inserted. We take the Legislature’s decision, in one instance, to explicitly state the sequence in which information must be inserted onto a designating petition and, in another instance, to be silent as to such matters, as evidence that the omission was intentional.
Our determination is guided by Election Law §6-134 (10), which instructs courts to liberally construe the provisions of section 6-134 “not inconsistent with substantial compliance thereto and the prevention of fraud” (see Matter of Kutner v Nassau County Bd. of Elections, 65 AD3d 643, 644 [2009]). There has been no finding in the case at bar that the voters’ signatures were not authentic, or that the residence information later filled in by the subscribing witness was inaccurate. At the Supreme Court, the attorney for DiMarino and Ackerman conceded that the signatures at issue were otherwise valid.
Ackerman contends that Election Law § 6-132 (1), which governs the form of designating petitions, establishes a strict sequence in which the information must be placed on the signature line, pointing to the portion of the sample voter statement contained therein in which the voter is required to state “that my place of residence is truly stated opposite my signature hereto.” He argues that a voter cannot state or affirm that the residence information next to his or her signature is correct unless that information has first been placed on the petition. We find no evidence in the statute that the Legislature intended to impose such strict formalities as to the sequence in which the required information is placed on the petition. Dillon, J.E, Miller, Leventhal, Chambers and Lott, JJ., concur.