## CITY OF DETROIT *v.* WEDLOW

1. MUNICIPAL CORPORATIONS—LOITERING—ORDINANCE—EVIDENCE.

    Testimony of a police officer that defendant was on a public sidewalk and impeding pedestrian traffic and a stipulation by defendant that such evidence was produced are sufficient to support a conviction under a municipal ordinance prohibiting a person from loitering on any street, sidewalk, overpass, or public place (Detroit City Code § 58–1–10).

2. MUNICIPAL CORPORATIONS — LOITERING — ORDINANCE — CONSTITUTIONAL LAW — ILLEGAL SEARCH.

    Assertion that a municipal ordinance prohibiting loitering is unconstitutional because enacted for the unlawful purpose of illegal search is not properly before the appellate court where there is no indication that an illegal search has resulted from the ordinance (Detroit City Code § 58–1–10).

3. MUNICIPAL CORPORATIONS—LOITERING—ORDINANCE—CONSTITUTIONAL LAW—PRESUMPTION—BURDEN.

    A municipal ordinance against loitering is presumed constitutionally valid; therefore one attacking the ordinance as unconstitutional, claiming it is vague and overbroad, must bear the burden of overcoming the presumption (Detroit City Code § 58–1–10).

4. MUNICIPAL CORPORATIONS—LOITERING—ORDINANCE—CONSTITUTIONAL LAW—VAGUENESS—PURPOSE.

    A municipal ordinance against loitering which limits application of its prohibition to persons who obstruct free passage of pe-

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 39 Am Jur 2d, Highways, Streets and Bridges § 250.
  Validity of Loitering Statutes and Ordinances.  25 ALR3d 836.
[2] 47 Am Jur, Searches and Seizures §§ 52, 53.
[4] 37 Am Jur, Municipal Corporations § 314.
[5, 6] 37 Am Jur, Municipal Corporations § 314.
[5–7] 39 Am Jur 2d, Highways, Streets and Bridges § 250.
[5–7] Validity of Loitering Statutes and Ordinances.  25 ALR3d 836.

destrians, and thus achieves its obvious regulatory purpose of keeping sidewalks clear and is not unconstitutionally broad or vague (Detroit City Code § 58–1–10).

5. MUNICIPAL CORPORATIONS—PUBLIC WELFARE—POLICE POWER—LOITERING—ORDINANCE.

A legislative body can make even innocent acts unlawful if the acts have a tendency to affect or endanger the public health, safety, morals, or general welfare; therefore, a municipal ordinance prohibiting loitering enacted to protect public safety is within the police power of the municipal corporations (Detroit City Code § 58–1–10).

6. MUNICIPAL CORPORATIONS—LOITERING—ORDINANCE—OBSTRUCTION OF PEDESTRIANS—CONSTITUTIONAL LAW.

A municipal ordinance authorizing conviction of loitering persons when they actually obstruct passage of pedestrians gives police officers no discretion as to whom to arrest; therefore, even though the ordinance might be unconstitutionally applied to persons not actually obstructing passage of pedestrians, there is no basis for an assertion that the ordinance itself is unconstitutional (Detroit City Code § 58–1–10).

7. MUNICIPAL CORPORATIONS—LOITERING—ORDINANCE—EVIDENCE.

Defendant was properly convicted of violating a municipal ordinance prohibiting loitering in a public place, where testimony of a police officer clearly indicated defendant obstructed the free passage of pedestrians on a public sidewalk and no abuse in application of the ordinance was shown (Detroit City Code § 58–1–10).

Appeal from Recorder's Court of Detroit, Richard M. Maher, J. Submitted Division 1 February 6, 1969, at Detroit. (Docket No. 2,206.) Decided April 23, 1969.

Moses Wedlow was convicted of loitering on a public sidewalk. Defendant appeals. Affirmed.

*Robert Reese,* Corporation Counsel, and *John E. Cross* and *Robert D. McClear,* Assistants Corporation Counsel, for the city of Detroit.

*Richard F. Krandle,* for defendant.

, . Metropolitan Detroit Branch, American Civil Liberties Union of Michigan (*Sheridan V. Holzman,* of counsel), *amicus curiae.*

BEFORE: LESINSKI, C. J., and T. M. BURNS and J. J. KELLEY,* JJ.

LESINSKI, C. J. On June 25, 1965, the defendant, Moses Wedlow, was issued a summons by a Detroit police officer for loitering on a public sidewalk. The referee found defendant guilty under Detroit City Ordinance 78G (§ 58-1-10 of the Detroit City Code). Upon *de novo* review by Detroit Recorder's Court, defendant was again found guilty.

Defendant appeals on evidentiary and constitutional grounds.

Defendant first contends that the testimony offered by the police officer was insufficient to sustain conviction of loitering under ordinance 78G which provides:

"It shall be unlawful for any person to loiter on any street, sidewalk, overpass or public place. For the purpose of this article, loitering is defined as the act of standing or idling in or about any street, sidewalk, overpass or public place so as to hinder or impede or tend to hinder or impede the passage of pedestrians or vehicles."

In examining the settled record as stipulated by the parties pursuant to GCR 1963, 705.19, we find the following facts were established by the officer's testimony: the area where the offense occurred was a busy one; defendant and another man were impeding pedestrian traffic on the sidewalk and causing pedestrians to walk around them; defendant did not move, extend his arms, or make any other overt

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

move; the officer warned defendant to move' to another location about 30 minutes before issuance of the summons.

Since defendant has stipulated that evidence was produced that he was on a public sidewalk and that he impeded the passage of pedestrians, contrary to his contention we find the officer's testimony sufficient to support a conviction under the ordinance.

Defendant also contends that ordinance 78G is unconstitutional under the due process clause of the Fourteenth Amendment to the United States Constitution and under Article 1, § 17 of the Michigan Constitution. The American Civil Liberties Union of Michigan filed a brief *amicus curiae* in support of this contention.

As part of the due process contention, defendant first argues that ordinance 78G is unconstitutional because it was enacted for an unlawful purpose, *i.e.,* illegal search. However, as there is no indication that an illegal search was conducted in this case, and no indication that illegal searches have resulted from this ordinance, this contention is not properly before this Court.

Defendant and the American Civil Liberties Union of Michigan further attack the loitering ordinance as unconstitutional, claiming it is vague and over-broad. In *City of Detroit* v. *Bowden* (1967), 6 Mich App 514, this Court recognized that a duly passed ordinance is presumed constitutionally valid, the burden of overcoming the presumption being placed on the defendant.

In *Shuttlesworth* v. *City of Birmingham* (1965), 382 US 87 (86 S Ct 211, 15 L Ed 2d 176), the United States Supreme Court considered the constitutionality of the Birmingham loitering ordinance. In *Shuttlesworth,* the ordinance provided:

"It shall be unlawful for any person or any number of persons to so stand, loiter or walk upon any street or sidewalk in the city as to obstruct free passage over, on or along said street or sidewalk. It shall also be unlawful for any person to stand or loiter upon any street or sidewalk of the city after having been requested by any police officer to move on."

In analyzing this ordinance, the United States Supreme Court stated that the ordinance as literally read sets forth two separate and disjunctive offenses. According to the Court, the second sentence of the ordinance literally sets forth an offense complete in itself and as such is unconstitutional because a person may stand on a public sidewalk in Birmingham only at the whim of a police officer. It was upon this possible literal construction of the second sentence by the trial court that the Supreme Court reversed Shuttlesworth's conviction and remanded to the Alabama Court of Appeals.

Despite the above literal construction, the Court noted that following the Shuttlesworth trial but before appeal to the Alabama Court of Appeals, the Alabama Court of Appeals, in *Middlebrooks* v. *City of Birmingham* (1964), 42 Ala App 525 (170 So 2d 424), expressly narrowed the construction of the Birmingham ordinance. Under this narrowed construction, mere refusal to move on after a police officer's request is not sufficient to support the offense. Rather there must also be a showing that the accused obstructed free passage. The Supreme Court approved this narrow construction by Alabama courts saying that under such a construction the ordinance would not be unconstitutional.

In comparing the Detroit city ordinance with the Birmingham ordinance *as narrowly construed,* we find loitering to be sufficiently well defined in the

Detroit ordinance so as to limit application to those persons who are obstructing free passage of pedestrians. The ordinance does not prohibit standing on a sidewalk, but only standing on a sidewalk so as to hinder or impede pedestrian traffic. Thus the Detroit loitering ordinance achieves its obvious regulatory purpose of keeping sidewalks clear and is not unconstitutionally broad or vague.

In *Cox v. Louisiana* (1965), 379 US 536 (85 S Ct 453, 13 L Ed 2d 471), the Court stated regarding a Louisiana statute prohibiting the obstruction of public passages:

"The constitutional guarantee of liberty implies the existence of an organized society maintaining public order, without which liberty itself would be lost in the excesses of anarchy. The control of travel on the streets is a clear example of governmental responsibility to insure this necessary order. A restriction in that relation, designed to promote the public convenience in the interest of all, and not susceptible to abuses of discriminatory application, cannot be disregarded."

Similarly, in *Bowden, supra,* this Court recognized that a legislative body can make even innocent acts unlawful if these acts have a tendency to affect or endanger the public in connection with health, safety, morals, or general welfare. Since the ordinance in the instant case was enacted to protect the public safety, it is within the police power of the city of Detroit. *Territory of Hawaii v. Anduha* (CA9, 1931), 48 F2d 171.

Defendant also contends ordinance 78G is unconstitutional because it authorizes police officers to use their unbridled discretion to arrest whomever they please. We disagree. The Detroit ordinance only authorizes conviction where the person loitering actually obstructs the passage of pedestrians. There-

fore, under the Detroit ordinance, a police officer has no discretion as to whom to arrest. While the ordinance might be unconstitutionally applied in certain situations, this is no ground for finding the ordinance itself unconstitutional. See *Shuttlesworth, supra.* Thus, if a police officer, in attempting to enforce the Detroit ordinance, arrests a person who is not actually obstructing the passage of pedestrians, conviction of that person is an unconstitutional application of the ordinance (and is in violation of the terms of the ordinance), but does not make the ordinance unconstitutional.

In the instant case, no abuse in the application of the ordinance has been shown. The police officer's testimony clearly indicates that defendant obstructed the free passage of pedestrians on a public sidewalk. Thus, the trial court properly found defendant in violation of the ordinance.

Affirmed.

All concurred.