Irvhtg J. Schultz, J.
The defendant was arrested in the City of Long Beach on the 21st day of December, 1970, and was charged with violation of subdivision 6 of section 240.35 of the Penal Law of the State of New York.
The information upon which he was arraigned reads as follows: “ On the 21 day of Dec. 1970, at or about 10:30 o’clock P.M., at or about 5 East Park Ave., in the City of Long Beach, defendant above-named, did in violation of subdivision 6 of Section 240.35 of the Penal Law of the State of New York * * *
“ 6. Loiter, remain or wander in or about a place without apparent reason and under circumstances which justified suspicion that he might be engaged or about to engage in crime, and, upon inquiry by a peace officer, refused to identify him *485 self or failed to give a reasonably credible account of Ms conduct and purposes; or in that”.
The charge ended thus without further explanation of the actual circumstances which led the police officer to make the arrest.
The defendant moved to dismiss the information asserting that the statute is unconstitutional, relying solely upon the decision rendered by Alfred H. Kleimaft, J., of the Criminal Court of the City of New York, New York County, on September 14, 1970, in People v. Beltrand (63 Misc 2d 1041). The said court, in a very learned and scholarly opinion, declared subdivision 6 of section 240.35 of the Penal Law unconstitutional.
The People, on the other hand, contend that: “ The statute does not make loitering, per se, an offense. It is only when done without a reasonably credible explanation that a violation occurs. 1 Reasonably credible explanation ? is the standard and the presence or lack of it characterizes the loitering as lawful or unlawful.”
The People further contend that the statute was enacted to prevent crime by persons loitering for a wrongful purpose; that the purpose of the statute is restricted to those who loiter to commit wrong, and to assure this the Legislature provided notice that it was applicable to all who failed to have a satisfactory explanation. Arguing that since the statute is aimed to prevent crime, the only sensible interpretation flowing from it is that e 1 a reasonably credible account5 ? is what is reasonable. By removing from the operation of the statute all those who have a reasonably credible account for loitering, you restrict it to those who do not.
In the opinion of the court this argument is not only specious but it points up how vague, indefinite and uncertain the statute is. Moreover, the information alleged in the case at bar is a bare statement of the statute without any explanation or description of any acts, conduct or suspicious actions of the defendant wMch caused the police officer to make the arrest. The omission of such explanation or description is indeed fatal, and under the circumstances the information should be dismissed.
In People v. Schanbarger (24 N Y 2d 288) we have a case involving tMs specific section, in which the Court of Appeals reversed the conviction under such statute. The court, in rendering its decision, held (p. 291): “ The information in this case nowhere states that the circumstances were such that *486 the trooper was justified in suspecting that the defendant might be engaged or was about to-engage in crime.”
The court then went into the testimony of the State trooper who made the arrest, finding (pp. 291-292): “It appears clear from the trial minutes that the defendant was convicted for his failure to answer the trooper’s questions concerning his destination and identity. While it may be true that there was no reason why the defendant should not have answered the trooper’s questions, it equally is true that his failure to answer cam/not constitute a criminal act a/nd, particularly, a violation of subdivision 6 of section M0.35.” (Emphasis supplied.)
The court is aware of the general principle that a law be declared unconstitutional only as a last resort. (Matter of Roosevelt Raceway v. Monaghan, 9 N Y 2d 293.) The court is also aware of the fact that there is a strong presumption that a statute duly enacted by the Legislature is constitutional and its invalidity must be demonstrated beyond a reasonable doubt. (People v. Pagnotta, 25 N Y 2d 333.)
Nevertheless, the statute involved in the case at bar is so inherently bad and so patently dangerous to the protection of individuals under our bill of rights that its constitutionality is indeed questionable. ‘ ‘ Long ago our highest court stated that it is ‘ the duty of courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon.’ (Boyd v. United States, 116 U. S. 616, 635.) ” (People v. Beltrand, 63 Misc 2d 1041, 1047.)
In wrong hands such a statute could indeed be dangerous. When we realize that under this statute, the police officer on mere suspicion is the sole judge at the time of the arrest as to whether a person “remains or wanders” about a place without reason and under circumstances which justify suspicion that he may be engaged or about to engage in crime, it is indeed the duty of the court to be watchful. What is more, the statute does not even require that this happen in a public place; it merely reads about a place.
In People v. Williams (55 Misc 2d 774, 777) the court held:
‘ ‘ Here it is the judgment of the officer and not the activity of the defendant which constitutes the crime. ‘ It takes little imagination to perceive that the “ reasonable account * * * requirement of the ordinary vagrancy law operates simply as a charter of dictatorial power to the policeman.” ’ (Amsterdam, Federal Constitution Restrictors, 3 Or Law Bulletin 205, 223.) ”
*487 In the above case Judge Basel, who wrote the opinion, also cites from the article of Mr. Justice Douglas, Vagrancy and Arrest on Suspicion (70 Yale L. J. 1,11) the following (p. 777):
1 ‘ When the law operates on the theory that loitering might lead to the commission of a crime and is therefore in itself criminal, ‘ suspicion is the foundation of the conviction, the presumption of innocence is thrown out the window’.”
Fenster v. Leary (20 N Y 2d 309) is another case in point. There the court held (p. 316): A statute under which arrests are made of suspected criminals £ £ with respect to whom the authorities do not have enough evidence to make a proper arrest or secure a conviction on the crime suspected ”, cannot he a constitutional device, or our system no longer has meaning.
People v. Beltrand (63 Misc 2d 1041, supra) is the only case which is practically on all fours with the case at bar. In declaring the statute unconstitutional, Judge Kleiman stated: 1. “The Court of Appeals declared.unconstitutional a statute making it a crime £ to lounge or loiter about any street corner’.” (People v. Diaz, 4 N Y 2d 469.) “ Certainly a statute making it a crime to loiter ‘ in or about a place without apparent reason ’ is even more vague, indefinite and uncertain, and therefore, on its face, unconstitutional.”
2. “It is equally clear that a statute providing that a person may he arrested by reason of ‘ circumstances which justify suspicion ’ of the commission of a crime is unconstitutional. An arrest to he constitutionally valid depends on whether ‘ at the moment the arrest was made the officers had probable cause to make it’.” (Beck v. Ohio, 379 U. S. 89, 91.) Also citing Brinegar v. United States (338 U. S. 160, 175, 176) which held: “ £ Since Marshall’s time at any rate [probable cause] has come to mean more than hare suspicion * * * These long-prevailing standards seek to safeguard citizens from rash and unreasonable interferences with privacy and from unfounded charge of crime * * * To allow less would be to leave law-abiding citizens at the mercy of the officers’ whim or caprice. ’ ”
Then, quoting from Justice William O. Douglas’, Vagrancy and Arrest on Suspicion {supra): “ Arrests for suspicion are not countenanced by the Bill of Bights. The fourth amendment allows arrests — as well as searches — only for £ probable cause
As was stated in Henry v. United States (361 U. S. 98, 104): “ It is better, so the Fourth Amendment teaches, that the guilty *488 sometimes go free than that citizens be subject to easy arrest.” In conclusion, I agree with Hogan and Snee, discussing The McN"abb-Mallory Rule (47 Georgetown L. J. 1, 22): “Arrest on mere suspicion collides violently with the basic human right of liberty. It can be tolerated only in a society which is willing to concede to its government powers which history and experience teach are the inevitable accoutrements of tyranny.” Accordingly, I hold subdivision 6 of section 240.35 of the Penal Law of the State of New York unconstitutional.
In view of these holdings, the motion to dismiss the information is granted.