Oscar Murov, J.
Defendant, charged with violating subdivision 6 of section 240.35 of the Penal Law moves to dismiss the information upon the ground that the subdivision is unconstitutional. He claims: (1) ‘1 Loiters, remains or wanders in or about a place without apparent reason ” is vague and indefinite in that it unreasonably interferes with a person’s freedom to move about or stand still, and (2) a person may be arrested on ‘ ‘ justifiable suspicion ’ ’ and not probable cause. The argument parallels People v. Beltrand (63 Misc 2d 1041) and People v. Villaneuva (65 Misc 2d 484) where the courts agreed with the defendant that the statute was unconstitutional. For the following reasons this court disagrees.
I
There is a strong presumption that a statute duly enacted by the Legislature is constitutional, and for a court to declare a law unconstitutional, the invalidity must be demonstrated beyond a reasonable doubt. (People v. Pagnotta, 25 N Y 2d 333, 337 ; Matter of Van Berkel v. Power, 16 N Y 2d 37, 40.)
The statute must inform a reasonable man of what is prohibited (People v. Byron, 17 N Y 2d 64, 67) and if the statute places a restriction on ‘ ‘ freedom of movement ’ ’ such police power must be related to the public good (People v. Bunis, 9 N Y 2d 1, 4). The statute must also distinguish between conduct calculated to cause harm and that which is essentially innocent (People v. Diaz, 4 N Y 2d 469, 471). Lack of precision of a statute is not in and of itself offensive to the requirements of due process. The Constitution does not require impossible standards ; all that is required is that the language conveys sufficiently definite warnings as to the proscribed conduct when measured by common understanding and practices. (Roth v. United States, 354 U. S. 476, 491.) Any ambiguities in the language of the statute are to be resolved so as to sustain the constitutionality of the statute if such a construction can fairly be held to have been within the contemplation of the Legislature. (People v. Bell, 306 N. Y. 110, 114.) Finally, courts of first instance should not exercise transcendent power of declaring an act of the Legislature unconstitutional except in rare cases involving life and liberty, and, where invalidity of the act is apparent on its face. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150; Adelman v. Adelman, 58 Misc 2d 803. Matter of Wood v. Freeman, 43 Misc 2d 616, affd. 24 A D 2d 704, 16 C. J. S., Consti *346 tutional Law, § 93 [b].) The constitutionality of the loitering section is still open (People v. Schanbarger, 24 N Y 2d 288, 291).
II
Subdivision 6 of section 240.35 of the Penal Law states: “A person is guilty of loitering when he: Loiters, remains or wanders in or about a place without apparent reason and under circumstances which justify suspicion that he may -be engaged or about to engage in crime, and, upon inquiry by a peace officer, refuses to identify himself or fails to give a reasonably credible account of his conduct and purposes ”.
The subdivision is written verbatim into the information except that the “ place ” is the “ Long Island Expressway near Exit 51 (The statute mentions “ in or about a place ”. Such place need not be a public one, provided that the person “ loiters ” in a place without apparent reason. (See People v. Loehr, 65 Misc 2d 633.)
In People v. Bell (306 N. Y. 110, 115) the Court of Appeals declared that the inquiry by the peace officer as to a person’s conduct merely outlines a procedure to be followed in ascertaining whether the person to be charged is loitering. These words in the statute do not broaden but restrict the offense. They prevent a defendant from being convicted unless in addition to other proof that he has been loitering, it appears that he has failed to give an explanation concerning the reason for his presence in a place. The inquiry alone does not furnish a basis for the conviction and it does not add anything to the crime. Furthermore, a person is not in custody nor otherwise deprived of his freedom of action in any significant way at this time so that an accused’s Fifth Amendment privilege against incrimination is protected. (Miranda v. Arizona, 384 U. S. 436, 477 ; People v. McKie, 25 N Y 2d 19 ; People v. Rodney P. [Anonymous], 21 N Y 2d 1.) The normal duty of police inquiry on the street without statutory prescription of grounds or subject matter existed before the enactment of section 180-a of the Code of Criminal Procedure. (People v. Rosemond, 26 N Y 2d 101,104.) The police can and should find out about unusual situations they see, as well as suspicious ones. To a very large extent what is unusual enough to call for inquiry must rest in the professional experience of the police (People v. Rosemond, supra, p. 104).
Ill
The term loitering has by long usage acquired a common and accepted meaning (People v. Diaz, 4 N Y 2d 469, 470). It is staying about or around a place without any purpose, aimlessly and *347 idly, or for some illegal or illicit purpose (Chief Judge Fuld’s dissent in People v. Johnson, 6 N Y 2d 549, 554).
A statute that proscribes mere “loitering” is unconstitutional for it does not distinguish between conduct calculated to harm and that which is essentially innocent (People v. Diaz, supra, p. 471). The loitering section in question contains two substantive elements, namely (1) loiters, remains or wanders in or about a place without apparent reason, and (2) under circumstances which justify suspicion that he may be engaged in or about to engage in crime. The two substantive elements point up the prohibited act, either actual or threatened.
Tn People v. Diaz (supra) the court declared an ordinance unconstitutional upon the ground that the ordinance was too indefinite and uncertain to define a crime. The ordinance made it a crime to loiter about any street in the City of Dunkirk. Loitering statutes, the court mentioned, are constitutional when coupled with additional language which points up the prohibited act either actual or threatened. (People v. Bell, supra ; People v. Merolla, 9 N Y 2d 62, cert. den. 365 U. S. 872 ; People v. Baer, 50 Misc 2d 357 ; Ann. 25 ALR 3d 836, § 3 [c].) The additional language of the subdivision states “ and under circumstances which justify suspicion that he may be engaged or about to engage in crime ”. This type of loitering evidences acts and conduct calculated to cause harm. It is not the mere loitering on a street corner in People v. Diaz (supra). It is not the idle conduct in Fenster v. Leary (20 N Y 2d 309). It is not the narcotic addict in Robinson v. California (370 U. S. 660) ; (cf. Powell v. Texas, 392 U. S. 514, 532 where defendant was not punished for his status or condition as being a chronic alcohoEc but for being in public while drunk on a particular occasion). A person who loiters to commit a crime does impinge upon the rights or interest of others (the people, the prospective victim, or property) and the statute does have a connection with the prevention of crime and the preservation of pubEc order (Fenster v. Leary, supra).
XV
Subdivision 6 of section 240.35 of the Penal Law is the last vestige of common-law vagrancy and it penalizes 1 ‘ suspicious loitering ” (Commentary, Model Penal Law, § 250.12). New York has not broken from the vagrancy concept even though its origins in feudal laws to protect the rights of the lord in his fugitive serfs no longer apply.
The modern emphasis or stated justification for retaining such laws has shifted, however, to the prevention or control of crime *348 and common-law vagrancy remains a crime in virtually all American jurisdictions (Fenster v. Leary, supra, p. 313 ; Ann. 25 ALR 3d 792, § 2).
If a statute makes criminal a condition or status over which the accused has no control (such as the idleness of Fenster) or if the statute is unclear as to what conduct will subject him to criminal liability (such as the loitering of Diaz), it is unconstitutional.
The loitering section punishes overt acts or antisocial behavior and not mere status or condition. Furthermore, the act of loitering ends upon either the officer’s direction to move on or the arrest of the defendant. (See Robinson v. California, supra, p. 663.) The loitering is such as to justify suspicion of criminal activity. The gist of the offense is that the circumstances which justify suspicion 'that a person may be engaged or about to engage in crime are inconsistent with any reasonable hypothesis that a person had lawful or visible business at the time and place of his apprehension by the peace officer. This then is the antisocial behavior which impinges on the rights and property of others and most certainly has a connection with the prevention of crime.
Finally, Shuttlesworth v. Birmingham (382 U. S. 87) bears similar resemblance to this case. The statute as construed by the State court applies (1) to a person who stands, loiters, or walks on a street or sidewalk, (2) so as to obstruct free passage, (3)refuses to obey a request by an officer to move on. The court stated (p. 91): “As so construed, we cannot say that the ordinance is unconstitutional.”
Subdivision 6 of section 240.35 of the Penal Law states (1) 1 ‘ Loiters, remains or wanders in or about a place without apparent reason ”, (2) “ under circumstances which justify suspicion that he may be engaged or about to engage in crime ”, and (3) “upon inquiry by a peace officer, refuses to identify himself or fails to give a reasonably credible account of his conduct and purposes ’ ’. The section is constitutional, as it clearly points up the loitering required for the violation. The term loitering is used in connection with or to describe prohibited acts (see, also, People v. Merolla, supra ; People v. Baer, supra).
V
In conclusion, subdivision 6 of section 240.35 of the Penal Law is constitutional as a proper exercise of the police power as related to the public good. Therefore, when the violation of subdivision 6 of section 240.35 of the Penal Law occurs, an offense is committed in the peace officer’s presence which entitles the officer to arrest a person without a warrant. (Code Crim. Pro., *349 § 177, subd. 1; § 154-a.) Upon a lawful arrest a search and seizure incident thereto is proper (People v. Loria, 10 N Y 2d 368, 373).
The motion to dismiss the information is denied.