David G. TOOGOOD, Appellant,

v.

Lou V. BREWER, Warden Iowa State Penitentiary, Appellee.

No. 54550.

Supreme Court of Iowa.

June 17, 1971.

of counsel on his appeal following his plea of guilty to false drawing and uttering a check and (2) his guilty plea was coerced and involuntary in that he had been promised by his court appointed attorney he would receive a bench parole or a jail sentence.

I. We first consider his second assignment of error. The transcript of this case includes petitioner's testimony and that of his lower court and appeal attorney, Jack Frye. The transcript of the proceedings in the Floyd County District Court before Judge B. C. Sullivan when petitioner entered a plea of guilty on March 7 and when he was sentenced March 11, 1969 was taken as an exhibit.

Petitioner testified he pleaded guilty because his attorney Mr. Frye stated he would "try to get him a jail term or a bench parole * * * he supposed he would get a bench parole or county jail time * * * more or less assured him he would get a bench parole or a county jail sentence not to exceed one year".

Mr. Frye testified he originally told petitioner if he could make restitution he might have an opportunity to make a bargain for county jail time but that after petitioner wrote more bad checks while out on bond he then told petitioner it was highly improbable he would receive a parole or jail sentence and that he had abandoned any hope for a parole or jail sentence. Thereafter petitioner entered the guilty plea.

When petitioner tendered the guilty plea the trial court carefully met and complied with each of the requirements set out in State v. Lindsey, Iowa, 171 N.W.2d 859, 861, to determine whether the plea was voluntary. It would be difficult to outline a more appropriate inquiry and informative process. It includes:

"THE COURT: Have any threats or promises been made to you to induce you to enter a plea in this case?

"MR. TOOGOOD: No.

George E. Wright, Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., Richard Winders, Asst. Atty. Gen., and E. W. Henke, County Atty., Charles City, for appellee.

MOORE, Chief Justice.

On April 14, 1970 David G. Toogood, petitioned the Lee County District Court for a writ of habeas corpus. He alleged his restraint in the Iowa State Penitentiary, under the commitment from Floyd County, was illegal. After a full evidentiary hearing the trial court on June 30, 1970 denied and dismissed his application.

On this appeal petitioner asserts the trial court erred in denying the writ because (1) he had not been given effective assistance

"THE COURT: You understand the plea is your own?

"MR. TOOGOOD: Yes.

"THE COURT: And you understand, I am not anticipating what your plea will be, but in the event you enter a plea of guilty, you are admitting everything that is in that Information, you understand that?

"MR. TOOGOOD: Yes.

"THE COURT: And you understand the Court would not even permit you to plead guilty to anything that you denied. In other words, I wouldn't accept a plea just to get the thing over with, you understand that?

"MR. TOOGOOD: Yes." The plea of guilty was then entered personally by petitioner and accepted by the trial court.

On March 11 prior to sentencing the trial judge informed petitioner he would permit withdrawal of the guilty plea if so desired but again petitioner stated he was "guilty".

II. After incarceration petitioner expressed a desire to appeal and at his request Mr. Frye was appointed appeal attorney. Mr. Frye prepared, served and filed a timely proper notice of appeal. He obtained a transcript of the proceedings in the lower court and visited petitioner in the penitentiary in an attempt to determine some basis for appeal. Petitioner claimed the check was to have been held and not sent to the bank. He had no account in any bank.

■ We have repeatedly held a guilty plea is not only a confession of guilt but is, itself, a conviction of the highest order. Such a plea waives all irregularities except that the information or indictment charges no offense and the right to challenge the plea itself. State v. Dorr, Iowa, 184 N.W. 2d 673, 674, and citations.

On August 25, 1969 Mr. Frye filed a motion to withdraw as counsel on appeal. He carefully complied with the requirements of our rule 16 which was adopted based on the holding in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Petitioner was given notice of Frye's motion and that the appeal could be dismissed by the court after study of the entire record. Petitioner filed in this court a document designated "Affirmation of Intention to Proceed with Appeal". Its thrust was that he was not guilty and his lawyer had lead him to believe he would get a bench parole or jail time.

On September 29, 1969 this court entered an order permitting Mr. Frye to withdraw and dismissed the appeal. Our order includes: "Pursuant to Court Rule 16(d) this Court has made a full examination of all the proceedings in the trial court, including a full transcript of what was there said and done. After doing so, this Court is satisfied that the appeal is wholly frivolous and without merit; that appellant's plea of guilty was knowingly, voluntarily and intentionally entered; that the trial court and appellant's counsel (appointed at the request of appellant) fully complied with all requirements of Statute, professional and judicial ethics."

■ III. The burden was on petitioner to prove the material allegations of his petition. Rule 344(f) 5, Rules of Civil Procedure. And the trial court's findings in a habeas corpus action involving a state prisoner are binding upon us if supported by substantial evidence. Kime v. Brewer, Iowa, 182 N.W.2d 154, 155.

■ We conclude petitioner failed to meet his burden of proof and the findings and conclusions of the trial court are supported by substantial evidence.

The judgment of the trial court is affirmed.

Affirmed.

All Justices concur.