**Ricky Wright HENRICHS, a minor, by Robert C. Oberbillig, as next friend,
Appellant,**

v.

**Wilbur T. HILDRETH, Appellee.**

No. 55661.

Supreme Court of Iowa.

May 23, 1973.

Rehearing Denied June 25, 1973.

Robert C. Oberbillig and Thomas R. Harkin, Des Moines, for appellant.

George H. Ray, Asst. City Atty., and Ray Fenton, County Atty., Des Moines, for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON, and HARRIS, JJ.

RAWLINGS, Justice.

Defendant appeals from trial court's denial of his habeas corpus petition seeking relief from restraint pursuant to sentence for violation of an allegedly unconstitutional city ordinance. We affirm.

Ricky Wright Henrichs, defendant, was arrested October 15, 1971, in Des Moines, then charged with having violated The

Code 1966, Section 746.1, and city ordinance § 32–28.01 (the ordinance). October 26th defendant, without benefit of counsel, entered a guilty plea to both charges in Des Moines Municipal Court. A sentence of ten days in the Polk County Jail was entered on each charge.

October 28th Henrichs, then represented by an attorney, applied for habeas relief. In support thereof he urged the above cited statute and ordinance were unconstitutionally vague.

Hearing on defendant's habeas petition followed. March 1, 1972, trial court sustained the writ as to Code § 746.1, but denied same with regard to the ordinance. Resultantly our review is limited to the validity of Des Moines City Ordinance 32–28.01 which states:

"It shall be unlawful for persons to collect, assemble or group together and after being so collected, assembled or grouped together, to stand, or loiter, on any sidewalk, parking or any street corner, or at any other place in the city to the hinderance or obstruction to free passage of any person or persons passing on or along any sidewalk or street in said city."

Issues asserted on appeal are, trial court erred in denying relief requested by defendant because (1) the ordinance is unconstitutional and (2) his fundamental right to counsel was denied him at time of his conviction and sentence.

I. An orderly approach to a determination of the first issue presented necessitates an understanding of some relevant guiding principles.

■ First, our review is limited to errors assigned, not de novo. See Hill v. Houck, 195 N.W.2d 692, 694 (Iowa 1972). See also Toogood v. Brewer, 187 N.W.2d 748, 750 (Iowa 1971).

II. Next, as this court said in Cole v. City of Osceola, 179 N.W.2d 524, 528 (Iowa 1970):

"It is well settled that when the constitutionality of an ordinance is challenged all reasonable intendments must be indulged in favor of its validity. Plaza Recreational Center v. Sioux City, 253 Iowa 246, 252–253, 111 N.W.2d 758, 762–763; Zilm v. Zoning Board of Adjustment Polk County, 260 Iowa 787, 793, 150 N.W.2d 606, 610 and authorities cited in these opinions. The strong presumption in favor of a legislative act applies, as well, to zoning ordinances, Brackett v. City of Des Moines, 246 Iowa 249, 260, 67 N.W.2d 542, 547. One who attacks such legislation on constitutional grounds has the burden of pleading its invalidity and unreasonableness and assumes the burden to negate every reasonable basis upon which the ordinance may be sustained. State v. McNeal, 167 N.W.2d 674, 677 (Iowa 1969) and authorities cited."

See also State v. Abodeely, 179 N.W.2d 347, 354 (Iowa 1970).

■ Then too, legislative enactments, including ordinances, will not be held unconstitutional unless shown to clearly, palpably and without doubt infringe upon given constitutional rights. See Brown Enterprises, Inc. v. Fulton, 192 N.W.2d 773, 776 (Iowa 1971); State v. Guardsmark, Inc., 190 N.W.2d 397, 400 (Iowa 1971). See also Kordick Plumbing and Heating Company v. Sarcone, 190 N.W.2d 115, 117 (Iowa 1971).

■ Furthermore, it is not for the judicial branch of government to pass upon the wisdom of a city or town council in enacting a local law. See Graham v. Worthington, 259 Iowa 845, 850–851, 146 N.W.2d 626 (1966).

III. We are initially called upon to determine whether the ordinance violates U. S.Const., amends. 5 and 14, § 1 and Iowa Const., art. I, § 9.

In this regard defendant argues the ordinance is so vague, both facially and as applied, that it transgresses his basic due process of law rights and privileges.

By way of exclusion the record before us provides no basis upon which to evaluate the above "as applied" concept. True, Henrichs contends his lone arrest and conviction, *ipso facto,* means trial court must have foundationally interpreted the ordinance phrase "it shall be unlawful for persons, etc." as meaning "unlawful for *a* person". But that argument calls upon us to assume others were not instantly involved or separately charged. This we cannot do absent any evidence to that effect.

IV. Our review on the issue at hand will therefore be confined to claimed facial unconstitutionality of the ordinance.

Prefatorily we refer to Coates v. City of Cincinnati, 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214 (1971) where the court aptly stated:

"The city is free to prevent people from blocking sidewalks, obstructing traffic, littering streets, committing assaults, or engaging in countless other forms of antisocial conduct. It can do so through the enactment and enforcement of ordinances directed with reasonable specificity toward the conduct to be prohibited."

See also Cox v. State of Louisiana, 379 U. S. 536, 554–555, 85 S.Ct. 453, 464, 13 L. Ed.2d 471 (1965); Kovacs v. Cooper, 336 U.S. 77, 87, 69 S.Ct. 448, 453, 93 L.Ed. 513 (1949).

V. In approaching the vagueness charge here leveled by defendant against the ordinance recognition should be accorded this general statement in Grayned v. City of Rockford, 408 U.S. 104, 108–109, 92 S.Ct. 2294, 2298–2299, 33 L.Ed.2d 222 (1972):

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application."

See also Coates v. City of Cincinnati, 402 U.S. at 614–616, 91 S.Ct. at 1688–1689; Palmer v. City of Euclid, Ohio, 402 U.S. 544, 545, 91 S.Ct. 1563, 1564, 29 L.Ed.2d 98 (1971); State v. Robinson, 183 N.W.2d 190, 193–194 (Iowa 1971).

It is at once evident, however, the principle enunciated in *Grayned, supra,* affords no answer to the question at hand, serving rather to merely point up the problem.

VI. Next in focus is Shuttlesworth v. City of Birmingham, 382 U.S. 87, 86 S.Ct. 211, 15 L.Ed.2d 176 (1965).

The ordinance there involved stated:

"It shall be unlawful for any person or any number of persons to so stand, loiter or walk upon any street or sidewalk in the city as to obstruct free passage over, on or along said street or sidewalk. It shall also be unlawful for any person to stand or loiter upon any street or sidewalk of the city after having been requested by any police officer to move on."

By an analytical approach the court found this ordinance, literally construed, sets forth two separate offenses. As thus viewed the second sentence would independently and unconstitutionally prohibit a person from standing on Birmingham sidewalks only at the whim and fancy of a policeman. Despite this threshold view the enactment was found to have been so narrowed by the Alabama Court of Appeals as to be facially constitutional. More specifi-

cally, under Alabama's construction mere failure to comply with a peace officer's directive to move on would not suffice, it being also essential an accused be shown to have obstructed free passage. The United States Supreme Court held, however, since the trial court may have found defendants guilty by applying the above noted literal terms of the ordinance the case must be reversed.

An examination of the instant Des Moines ordinance and Birmingham's above quoted ordinance, *as narrowly construed,* reveals they are comparable. This observation is in any event appropriate when such comparison is limited to the first sentence of the Birmingham ordinance.

Turning now to specifics it is to us evident the ordinance here in question discloses people are not thereby prohibited from standing on a sidewalk. It is rather directed to those persons, grouped or assembled, who obstruct the free and open use of public walkways by pedestrians. In other words, the obvious and legitimate regulatory objective is to protect each person's right to the unobstructed use of municipal sidewalks. Moreover, the above purpose is stated in sufficiently definite terms to enable all reasonable persons to know what conduct is proscribed and what acts will make them subject to the penalty provided. See generally Cameron v. Johnson, 390 U. S. 611, 615–616, 88 S.Ct. 1335, 1338, 20 L. Ed.2d 182 (1968); Stake v. Robinson, 183 N.W.2d at 193–194.

In light of the foregoing we now hold Des Moines City Ordinance 32–28.01 is not so vague and uncertain as to be facially violative of any constitutional provision invoked by defendant, federal or state. Accord, People of City of Detroit v. Ritchey, 25 Mich.App. 98, 181 N.W.2d 87, 88 (1970); People v. Deutsch, 19 Mich.App. 74, 172 N.W.2d 392, 394–395 (1969); People v. Wedlow, 17 Mich.App. 134, 169 N. W.2d 145, 146–148 (1969). See also Annot. 25 A.L.R.3d 836.

Finally on this subject we are also satisfied the ordinances involved in three relatively recent United States Supreme Court decisions, here relied on in part by defendant, are so readily distinguishable they are instantly of little or no significance. See Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); Coates v. City of Cincinnati and Palmer v. City of Euclid, Ohio, both *supra.*

VII. The other question here posed is whether defendant's habeas application should have been sustained because his guilty plea was entered and sentence imposed absent counsel.

At the outset this issue was not raised in trial court and would therefore not be ordinarily considered on appeal. See State v. Tokatlian, 203 N.W.2d 116, 120 (Iowa 1972); State v. Armstrong, 203 N.W.2d 269, 270–271 (Iowa 1972).

On the other hand this appears to be a matter of sufficient substantial public interest that it should be now resolved. See Maguire v. Fulton, 179 N.W.2d 508, 509–510 (Iowa 1970) and citations.

As previously disclosed, defendant pled guilty and judgment was accordingly entered October 26, 1971. Had this occurred subsequent to issuance of the opinion in Argersinger v. Hamlin, 407 U.S. 25, 92 S. Ct. 2006, 32 L.Ed.2d 530 (1972), Henrichs would probably have been entitled to appointment of counsel if then indigent.

In the absence, however, of any specific controlling decision to the contrary we find nothing in *Argersinger* indicating other than that it be applied prospectively. See 407 U.S. at 39, 92 S.Ct. at 2014. It is therefore of no force or effect with regard to the instant case. See Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L. Ed.2d 16 (1969); Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L. Ed.2d 882 (1966); 55 Iowa L.Rev. 1309 (1970).

Affirmed.