CITY OF DES MOINES, Appellant,

v.

Timothy J. LAVIGNE and Karen Jean
Cousins, Appellees.

No. 2-58233.

Supreme Court of Iowa.

Aug. 31, 1977.

Philip T. Riley, Des Moines Corp. Counsel, and John A. Wibe, Asst. City Atty., for appellant.

Gary B. Garrison, Anna I. Shinkle, and John Meyer, Des Moines, for appellees.

Heard before MOORE, C. J., and MASON, REES, UHLENHOPP and HARRIS, JJ.

HARRIS, Justice.

This appeal arises from two prosecutions under a municipal loitering ordinance. On defendants' challenge the trial court held the ordinance unconstitutionally overbroad. We reverse the trial court and remand the prosecutions for further proceedings.

Timothy J. Lavigne and Karen Jean Cousins (defendants) were informed against for loitering and loafing in violation of § 32–28, Municipal Code of Des Moines.

Defendants separately demurred to the information in part on the claim the ordinance is overbroad in violation of the due process clause of Amendments 1 and 14 to the Constitution of the United States. The demurrers were sustained by an associate district court judge. On appeal the trial court affirmed, relying principally on the authority of *Shuttlesworth v. City of Birmingham*, 382 U.S. 87, 86 S.Ct. 211, 15 L.Ed.2d 176 (1965) and upon *Henrichs v. Hildreth*, 207 N.W.2d 805 (Iowa 1973).

I. There is a threshold question of defendants' standing to attack the statute as facially overbroad. The question is whether the ordinance is facially overbroad rather than overbroad as applied. See *State v. Kueny*, 215 N.W.2d 215, 217 (Iowa 1974) where we said: "By way of exclusion, since this appeal stems from a judgment sustaining defendant's demurrer, our review is confined to alleged facial invalidity * *." See also *Henrichs*, supra, 207 N.W.2d at 807.

Generally a defendant has no standing to assert an ordinance is unconstitutional as applied to others when it is constitutional as applied to him. *State v. Price*, 237 N.W.2d 813, 816 (Iowa 1976); *State v. Willis*, 218 N.W.2d 921, 924 (Iowa 1974); *Upper Mo. River Corp. v. Board of Rev., Woodbury Cty.*, 210 N.W.2d 828, 830–831 (Iowa 1973). However a facial attack does not fall under the general rule because a facial attack is not premised on a borrowed invalidity. Rather a facial attack asserts the statute or ordinance is void for every purpose; that it cannot be constitutionally applied to any factual situation. See Antieau, Modern Constitutional Law, § 15:36, p. 698:

"Judicial declarations that statutes and ordinances are void on their face because, for example, they are too vague and indefinite or are completely beyond the power of the legislature, are exceptional cases where the court apparently 'considers every conceivable situation which might possibly arise' and concludes that the legislation is nevertheless always unconstitutional."

We believe the sole requisite for attacking a statute or ordinance as facially unconstitutional is whether the statute or ordinance adversely affects or is about to adversely affect the challenger's rights. *Vietnam Vets. Against War v. Veterans M. Aud. Com'n.*, 211 N.W.2d 333, 335 (Iowa 1973); *Lee Enterprises, Inc. v. Iowa State Tax Com'n.*, 162 N.W.2d 730, 740 (Iowa 1968); *Kruck v. Needles*, 259 Iowa 470, 479, 144 N.W.2d 296, 302 (1966); 16 Am.Jur.2d, Constitutional Law, § 119, pp. 310–312; 16 C.J.S. Constitutional Law § 76a, pp. 226–244. Defendants were adversely affected by the challenged ordinance by reason of being prosecuted under it. They have standing to attack the ordinance as facially overbroad.

II. "Overbreadth is a term generally understood to describe a statute which not only forbids conduct constitutionally subject to proscription, but also sweeps within its ambit those actions ordinarily deemed to be constitutionally protected. (Authorities)." *State v. Farrell*, 209 N.W.2d 103, 108 (Iowa 1973).

"A statute is overbroad if it attempts to achieve a governmental purpose to control or prevent activities constitutionally subject to state regulation by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms." *State v. Pilcher*, 242 N.W.2d 348, 353 (Iowa 1976), quoting *State v. Willis*, 218 N.W.2d 921, 923 (Iowa 1974). See also *Zwickler v. Koota*, 389 U.S. 241, 249–250, 88 S.Ct. 391, 396, 19 L.Ed.2d 444, 451 (1967).

Des Moines's loitering ordinance § 32–28 provides:

"It shall be unlawful for any person to congregate, stand, loaf or loiter upon any street, sidewalk, bridge or crossing so as to obstruct the same, hinder or prevent persons passing or attempting or desiring to pass thereon; or to congregate, stand, loaf or loiter in or in front of any hall, lobby, doorway, passage or entrance of any public building, theatre, hotel, eating house, lodging house, office building, store, shop, office or factory or other like building so as to obstruct the same, hinder or prevent persons walking along or into or out of the same or attempting or desiring to do so; or by sitting upon or leaning upon or against any railing or other barrier about any area, entrance, basement or window to obstruct the light or prevent passage of persons or tenants occupying the building to which such area, entrance, basement or window belongs."

Under the challenged ordinance three separate courses of conduct, separated by semicolons, are proscribed. Significantly, violation of each course of conduct requires obstructive conduct. The importance of the requirements of obstructive conduct can be shown in cases from other jurisdictions which have considered overbreadth challenges to loitering ordinances.

Some ordinances have withstood the attack. *State ex rel. Williams v. City Court of Tucson*, 21 Ariz.App. 489, 520 P.2d 1166 (1974) (a statute proscribing the act of loitering when combined with the purpose of begging); *People v. Wedlow*, 17 Mich.App. 134, 169 N.W.2d 145 (1969) (an ordinance prohibiting standing or idling in or about any street, sidewalk, overpass, or public place so as to hinder or impede or tend to hinder or impede passage of pedestrians or vehicles); *People v. Taggart*, 66 Misc.2d 344, 320 N.Y.S.2d 671 (1971) (a loitering statute which included as an element circumstances which justify suspicion that one may be engaged in or about to engage in crime); *People v. Strauss*, 66 Misc.2d 268, 320 N.Y.S.2d 628 (1971). We think the challenged ordinance § 32–28 compares favorably with the ordinances considered in *Williams, Taggart,* and *Strauss.* The approved ordinances restrict violation to loitering when combined with unlawful activity or reasonable suspicion of unlawful activity. Section 32–28 has similar limitations.

We believe the Des Moines ordinance is distinguishable from loitering ordinances which other jurisdictions have found unconstitutionally overbroad. *Soles v. Vidalia*, 92 Ga.App. 839, 90 S.E.2d 249 (1955) (no attempt was made in the ordinance to restrict the meaning of "idling" or "loitering" so that by its terms window shopping, taking a walk, or sitting in a park would be unlawful); *Baker v. Bindner*, 274 F.Supp. 658 (W.D.Ky.1967) (any loiterer unable to give a satisfactory account of himself); *Kirkwood v. Loeb*, 232 F.Supp. 611 (W.D.Tenn.1971) (any loiterer at named places without any legitimate business or purpose); *People v. Gibson*, 184 Colo. 444, 521 P.2d 774 (1974) (loitering for the purpose of engaging or soliciting another person to engage in deviate sexual intercourse); *City of St. Louis v. Burton*, 478 S.W.2d 320 (Mo.1972) (loitering and refusing to disperse or vacate places when requested to do so by a police officer); *Hayes v. Municipal Court of Oklahoma City*, 487 P.2d 974 (Okl.Cr.1971) (loitering without lawful reason or local habitation

and no honest employment); *Seattle v. Pullman*, 82 Wash.2d 794, 514 P.2d 1059 (1973) (loitering under circumstances which called for speculation as to standards of guilt).

The ordinances struck down as unconstitutionally broad differ from the Des Moines ordinance which proscribes only courses of conduct which obstruct persons exercising their right to freely come and go in public places.

The United States Supreme Court struck down a loitering ordinance in *Coates v. Cincinnati*, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971). The ordinance was held to be both unconstitutionally vague and overbroad. Section 32–28 easily can be distinguished from the ordinance in *Coates*. The *Coates* ordinance based its violation on "annoying" conduct. The United States Supreme Court pointed out much annoying conduct is constitutionally protected.

In *Shuttlesworth v. Birmingham*, supra, the United States Supreme Court reversed a loitering conviction but refused to hold the ordinance unconstitutional on its face. The court had no criticism of that portion of the ordinance proscribing "[loitering or walking] upon any street or sidewalk * * as to obstruct free passage over, on or along said street or sidewalk." The Des Moines ordinance is similar to this portion of the *Birmingham* ordinance.

■ We disagree, as apparently the trial court also did, with a finding by the associate district court that the ordinance might be overbroad because it infringed on First Amendment rights. The language in *Shuttlesworth*, supra, and *Henrichs*, supra, indicates the subject matter of the ordinances does not *ipso facto* render them invalid under the First Amendment. The subject of the Des Moines ordinance is conduct which may be legitimately proscribed. See *State v. Williams, 238 N.W.2d 309 (Iowa 1976)*.

■ We also disagree with a trial court finding that the ordinance is overbroad because it does not require a policeman to warn the persons obstructing to move before arresting them. We know of no con-

stitutional requirement of a warning to move. The trial court relied on *Shuttlesworth* and *Henrichs*. However we believe neither opinion indicates such a requirement. Nor have we found any case which holds a duty to warn a loiterer to move is a constitutional requirement. To the contrary language in *Shuttlesworth* and *Henrichs* indicates there is no such constitutional requirement.

■ The trial court also found the ordinance overbroad because it lacked the element of intent. However a majority of authorities uphold loitering ordinances which lack a specific intent requirement. See Annot., 25 A.L.R.3d 836. We have held a legislature may proscribe certain actions and make their commission crimes without regard to intent. *Iowa City v. Nolan*, 239 N.W.2d 102 (Iowa 1976); *City of Des Moines v. Davis*, 214 N.W.2d 199 (Iowa 1974); *State v. Vietor*, 208 N.W.2d 894 (Iowa 1973).

■ We adhere to the principle an Iowa criminal statute can be made constitutional by reasonable construction. *State v. Williams*, 238 N.W.2d 302, 306–307 (Iowa 1976). In the light of this principle and the foregoing authorities we do not believe § 32–28 is facially overbroad. It is possible to imagine factual situations in which the ordinance might be unconstitutionally applied. For an obvious example the third division of the ordinance could not constitutionally prohibit the casting of a shadow so as to innocently block light. In general we think this ordinance could constitutionally prohibit loitering only where the rights of passage or movement of others are adversely affected by obstructive conduct. It is obviously possible to imagine other factual situations to which the ordinance might be constitutionally applied. This prevents a finding of facial unconstitutionality.

■ We conclude the trial court erred in holding the challenged ordinance unconstitutional. Under § 777.8, The Code, further prosecution is appropriate after a demurrer is held improperly sustained. The judgment of the trial court is reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.