## Commonwealth v. Gainor

*Joseph A. Nickleach*, for Commonwealth.
*John B. Barbour*, for defendant.

HOUSE, *P. J.*, October 3, 1974—These are appeals from findings of guilt entered against defendant by a district justice of the peace in summary proceedings brought under two ordinances of the Borough of Ford City. In the interest of economy, both matters were consolidated for hearing and disposition in one appeal proceeding.

Defendant does not dispute the factual bases for the summary convictions but rather asserts the unconstitutionality of Ford City borough ordinance no. 487—a so-called loitering ordinance. No such constitutional attack is mounted against the validity of Ford City borough ordinance no. 479, under which defendant was found guilty of hindering a police officer in the performance of his duties. Therefore, this opinion will concern itself exclusively with the question of the validity of borough ordinance no. 487.

The operative facts are as follows:

On Sunday, March 3, 1974, at about 2:05 p.m., defendant and seven other persons were gathered in a group on the five-foot-wide sidewalk at the southwest corner of Fourth Avenue and Ninth Street, in the Borough of Ford City. A borough police officer on motor patrol observed this group and asked them to move off the sidewalk and into the adjoining city park, as they were obstructing the sidewalk. The police officer warned the group, including defendant, that they would be charged with loitering if they failed to comply with the officer's direction. The entire group complied with

the officer's direction except defendant, who refused to move and who continued to stand in the walkway.

Defendant was then placed under arrest and was issued a citation for violation of Ford City borough ordinance no. 487. At the time of the actual arrest, defendant was the only person on the walkway, and it was not then wholly obstructed and the arrest was made due to defendant's refusal to comply with the officer's direction to move on.

Later, on the same day at about 3:25 p.m., another borough police officer observed defendant at about the same location leaning on a parking meter which was set in the sidewalk. Two other persons were standing on the walkway, some three or four feet from defendant. Another group of eight persons was also standing on the walkway nearby. The officer directed defendant and his two companions, as well as the group of eight, to disperse within five minutes or face arrest for loitering. Defendant initially moved a short distance to a grassy area bordering the sidewalk and the others moved on as well. Defendant and his two companions then moved back onto the walkway but, when approached by the officer, again retreated, this time to a walkway near the center of the borough park, where a monument stands. Many of the others had also gathered in that vicinity. The officer then directed everyone to leave the park and all complied except defendant, who began to circle round and round inside the park. The officer then placed defendant under arrest. Defendant was unruly and verbally abusive, calling the officer a "pig" and "son-of-a-bitch." A citation was issued to defendant charging him with loitering under borough ordinance no. 487 and with hindering a police officer

under borough ordinance no. 479. At the time of actual arrest, defendant was not obstructing the sidewalk, and was arrested when he refused to follow the officer's direction to disperse.

At the close of Commonwealth's evidence in the hearing de novo before this court, defendant moved for dismissal of the charges on the ground that the ordinances are unconstitutionally vague and broad. Defendant also asserts that the ordinances contain no standards, thus permitting an unreasonable exercise of the police power.

## DISCUSSION

In recent years, mainly as a result of social ferment, the ubiquitous vagrancy, loitering and disorderly conduct enactments of local municipalities throughout the country have come under heavy attack upon constitutional grounds. Many such enactments have been struck down by the courts, while others have been upheld. In the process, a certain body of law has been developed to which we must now resort in an attempt to take the constitutional measure of Ford City borough ordinance no. 487.

Section I of Ford City borough ordinance no. 487, which was enacted and approved on May 5, 1973, reads as follows:

"Section I. No person or group of persons shall loiter or obstruct traffic, by standing, sitting or lying on any public street, way, alley, steps, curb or sidewalk, in such a manner as to obstruct vehicular or pedestrian traffic along such public street, way, alley, steps, curb or sidewalk, or ingress or egress to and from any private or public place of residence, commerce, amusements or worship or borough park, or show [sic] loiter in any other manner."

Thus, ordinance no. 487, under section I thereof, makes it illegal:

(1) To loiter; or

(2) To stand, sit, or lie on any . . . sidewalk in such manner as to obstruct . . pedestrian traffic along such . . . sidewalk; or

(3) To obstruct ingress or egress to and from any . . . borough park; or

(4) To loiter in any other manner.

The ordinance contains no definitions, so that the word "loiter" remains undefined therein. Such a failure to define the term "loiter" very probably would result in a finding of unconstitutionality by reason of vagueness under the decided cases: State of New Jersey v. Caez, 81 N.J. Super. 315, 195 A. 2d 496 (1963); Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S. Ct. 839, 31 L. Ed. 2d 110 (1972).

But the ordinance in the case at bar does define, in specific terms, two types of loitering which happen to be the types with which defendant in this case is charged, that is: "obstruct traffic by standing . . . on any public . . . sidewalk in such manner as to obstruct . . . pedestrian traffic along such public . . . sidewalk" and/or "obstruct ingress or egress from any . . . public . . . borough park . . ."

Under the facts of the case at bar, defendant was charged with obstructing traffic upon the public sidewalk by standing thereon and/or with obstructing ingress or egress to and from the public borough park. He was not simply charged with loitering, whatever that term may mean.

In People v. Wedlow, 17 Mich. App. 134, 169 N.W. 2d 145 (1969), the loitering ordinance of the City of Detroit was tested for constitutionality. The

pertinent portion of the Detroit ordinance read as follows:

"It shall be unlawful for any person to loiter on any street, sidewalk, overpass or public place. For the purpose of this article, loitering is defined as the act of standing or idling in or about any street, sidewalk, overpass or public place so as to hinder or impede or tend to hinder or impede passage of pedestrians or vehicles."

The Michigan court found that the offense was sufficiently defined in the Detroit ordinance so as to limit its application to those defendants who are obstructing free passage of traffic. The court thus concluded that the ordinance achieved the legitimate regulatory purpose of keeping sidewalks clear and that the ordinance was not unconstitutionally broad or vague.

Turning to the case at bar, and applying the same constitutional yardstick to ordinance no. 487 of Ford City Borough, it is apparent that the ordinance is not unconstitutionally broad and vague insofar as it applies to one charged with obstructing a public sidewalk so as to interfere with free passage of traffic thereon. That particular offense is clearly and sufficiently defined by the ordinance.

This court is not confronted, at this time, with any questions concerning the validity of the Ford City ordinance as it might be applied to situations not involving the obstruction of traffic. Therefore, although the court is not now ruling upon questions which are not presented by the case at bar, we do suggest that the various borough councils and their solicitors might be well advised to examine carefully, and to amend, if necessary, all ordinances relating to loitering in order to make certain that the offense is clearly spelled out and defined.

It is, perhaps, mere coincidence that the ordinance in the case at bar does clearly spell out and define the specific types of loitering with which defendant was charged: obstructing pedestrian traffic and/or hanging on parking meters and/or obstructing ingress and egress to and from the borough park. No great flight of imagination is necessary to dream up fact situations where the application of this type of loitering ordinance clearly would be unconstitutional.

Under the holdings of Commonwealth v. Saxon, 219 Pa. Superior Ct. 64, 275 A. 2d 876 (1971), this court is free to find, as it does under the particular facts of this case, that the Ford City ordinance no. 487 is not unconstitutionally vague or overbroad as applied to this defendant. As the Saxon Court said: "Where the facts of a particular case fall within the clear purpose of the prohibiting Act, its application will not violate constitutional safeguards merely because of doubt as to its applicability in regard to other cases that may never arise."

And, as was stated in United States v. Harriss, 347 U.S. 612, 74 S. Ct. 808, 98 L. Ed. 989 (1954):

"The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.

"On the other hand, if the general class of offenses to which the statute is directed is plainly within its terms, the statute will not be struck down as vague, even though marginal cases could be put where doubts might arise . . . And if this general class of offenses can be made constitutionally defi-

nite by a reasonable construction of the statute, this Court is under a duty to give the statute that construction."

This court finds, then, that section I of Ford City borough ordinance no. 487, insofar as it relates to loitering by obstructing traffic, is not unconstitutional by reason of vagueness or by reason of being overbroad.

By the same token, section II of ordinance no. 487 also clearly passes constitutional muster. Section II provides:

"No person shall loiter by lying, sitting, standing, hanging on any meters . . . or other borough property . . ."

There can be no doubt that an accused is sufficiently informed of the act or acts which the ordinance intends to prohibit and which will render him or her liable to penalties. We find, then, that defendant's second arrest under ordinance no. 487 was also proper and that his conviction for violation thereof is not constitutionally defective.

Defendant in the case at bar presented no testimony or other evidence disputing the Commonwealth's evidence relating to the factual basis for the charges against defendant. Thus, there is no factual basis upon which we could find defendant not guilty of these offenses.

Finally, as we understand it, defendant is raising no constitutional question as to the validity of Ford City borough ordinance no. 479, under which defendant was found guilty of hindering a police officer in the performance of the officer's official duty. Since no constitutional issue is raised and since the defendant does not defend upon the merits, there is no basis upon which the court can or

should disturb the finding of guilt entered by the justice of the peace.

## ORDER OF COURT

And now, October 3, 1974, after hearing de novo and after the submission of oral and written argument, and for the reasons set forth in the annexed opinion, it is ordered, adjudged and decreed that the appeal heretofore taken by defendant in the above captioned matter be and is hereby dismissed.